# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>**PROSPECT MEDICAL HOLDINGS, INC.** *et al.*,[1]<br><br>    Debtors, | **Chapter 11**<br>**Bankruptcy Case No. 25-80002 (SGJ)**<br>**Jointly Administered** |
| **AMANDA CANNAVO, on behalf of herself and all others similarly situated,**<br><br>    Plaintiff,<br><br>v.<br><br>**PROSPECT MEDICAL HOLDINGS, INC.,** *et al.*,<br><br>    Defendants. | **Adv. Pro. No.** |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, et seq.

Plaintiff Amanda Cannavo ("Plaintiff"), individually and on behalf of a putative class of similarly situated former employees of Defendant Prospect Medical Holdings, Inc., and its related Debtors and Non-Debtor affiliates ("Defendants" or "Prospect"),[2] by way of this Class Action Adversary Proceeding Complaint, alleges as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.

[2] A description of the Debtors and their non-Debtor affiliates is described in the Declaration of Paul Rundell in Support of Debtors' Chapter 11 Petitions and First Day Pleadings (Bankr. No. 25-80002 (SDJ), (Bankruptcy Docket No. 41).

## I. NATURE OF THE ACTION

1. Plaintiff brings this action individually and on behalf of other similarly situated former employees who worked for Defendants and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Defendants beginning on or about April 25, 2025, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*, (the "WARN Act").

2. Plaintiff was terminated along with approximately 2,500 other similarly-situated employees as part of, or as the foreseeable result of mass layoffs or plant shutdowns ordered by Defendants. These terminations failed to give Plaintiff and other similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence of the violation, Plaintiff and other similarly situated employees of Defendants seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

3. Plaintiff's claims, and those of similarly-situated employees, are arose post-petition and therefore are entitled to administrative priority treatment pursuant to 11 U.S.C. § 503 (b)(1)(A).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## III.  THE PARTIES

*Plaintiff*

7. Plaintiff was employed by Defendants as Registered Nurse Supervisor from February 2024 until about May 2, 2025.

8. Plaintiff was notified on or about April 21, 2025 that she was being terminated within 14 days.

9. At the time of her termination, Plaintiff worked at Defendants' facility known as Crozer-Chester Medical Center, located at 1 Medical Center Blvd., Upland, Pennsylvania (the "Crozer-Chester Medical Center Facility").

10. On or about May 2, 2025, Defendants terminated Plaintiff's employment without cause.

11. Along with Plaintiff, an estimated 2,500 other similarly situated employees of Defendants who worked at, reported to, or received assignments from Crozer-Chester Medical Center Facilities, as well as Defendants' other facilities, who were terminated within the 90-day period starting on April 25, 2025, without 60 days' advance written notice.

12. Each of the other similarly situated employees of Defendants were terminated without cause.

*Defendants*

13. Upon information and belief and at all relevant times, Defendants operated four general acute care hospitals, several outpatient facilities, and a physician network of primary care and specialty practices in the state of Pennsylvania under the umbrella name of "Crozer Health" ("Crozer").

14. At all relevant times, Defendants maintained their corporate headquarters at 3824 Hughes Ave., Culver City, California.

15. Debtor-Defendant Prospect Health Medical Holdings, Inc. ("PHMI"), a Delaware corporation, is the ultimate owner of the other Defendants, which are subsidiaries.

16. PMHI owns non-debtor Prospect Penn LLC, a Pennsylvania company.

17. Prospect Penn LLC, owns Debtor-Defendant Prospect Crozer, LLC, a Pennsylvania company.

18. Prospect Crozer, LLC, owns Debtor-Defendant Prospect CCMC, LLC, a Pennsylvania company, which Plaintiff's pay stubs name as her nominal employer.

19. Among other affiliated subsidiaries of PHMI are Debtors Prospect DCMH, LLC, Prospect Crozer Urgent Care, LLC, and Prospect Health Access Network, Inc., which are all Pennsylvania companies.

20. Upon information and belief, PMHI owned at least 20% of all the Debtor-Defendants, operated them as a single employer, and in order to stem the financial drain on other Prospect entities, made the decision to close them without 60 days' advance notice.

21. Beginning on January 11, 2025 (the "Petition Date"), each Debtor commenced with the United States Bankruptcy Court for the Northern District of Texas (the "Court") a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By Order dated January 19, 2025, the Debtors' cases are being jointly administered under Bankruptcy Case Number 25-80002 (SGJ) (Bankruptcy Docket No. 93).

22. In February 2024, Prospect received approval from court and Pennsylvania's attorney general and sell Crozer.

23. In August 2024, Prospect reached a preliminary agreement to sell Crozer to a real estate company that converts closed hospitals into mixed-use medical buildings.

24. In October 2024, Pennsylvania's attorney general placed Crozer's operations under the control of a receiver.

25. After filing Chapter 11 in January 2025, Prospect filed a motion in the Bankruptcy Court on March 6, 2025 seeking an "expedited closure" of Crozer, stating that its relentless losses jeopardized the company's other holdings in California, Rhode Island and Connecticut.

26. Prospect did not notify its employees that it had decided to quickly close shutdown until April 21, 2025.

27. On or about April 21, 2025, Prospect notified its employees via email that Crozer would cease operations between April 25 and May 2, 2025 at these Pennsylvania locations:

- 1,908 employees at the Crozer-Chester Medical Center, 1 Medical Center Drive, Upland;

- 45 employees at the Crozer-Chester Medical Center Behavioral Health Unit, 1 Medical Center Drive, Upland;

- 88 employees at the Crozer Health Corporate Offices, 1 Medical Center Drive, Upland;

- 126 employees at the Crozer-Springfield Hospital, 190 W. Sproul Road, Springfield;

- 53 employees at the Crozer Springfield Hospital Offices, 190 W. Sproul Road, Springfield;

- 351 employees at the Crozer-Taylor Hospital, 175 E. Chester Pike, Ridley Park;

- 34 employees at the Crozer-West 15th Street Offices, located at 301 W. 15th St., Chester; and

- 46 employees at the Crozer-West 15th Street Offices BHU, 301 W. 15th St., Building B, Ground Floor, Chester.

5

28. On April 21, 2025, several Pennsylvania state legislators issued a statement calling Prospect's decision to move forward with the closure of the Crozer Health System "a devastating and disgraceful blow," claiming they were "furious for the thousands of nurses, doctors, and staff who've put up with so much abuse," terming its private equity backer's "decimation of Crozer" is an "abomination," and that " the corporate abuse that our hospitals went through should be criminally illegal, and the investors and executives who did this to us should be held accountable."

### IV.   FEDERAL WARN CLASS ALLEGATIONS

29. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, reported to or received assignments from Defendants' Facilities and were terminated without cause beginning on or about April 25, 2025 and within 90 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants beginning on or about April 25, 2025 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

30. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, it is estimated at about 2,500 individuals. On information and belief, the facts on which the calculation of that number can be based are within the sole control of Defendants.

31. On information and belief, the identity of the members of the WARN class and the recent residence address of each is contained in Defendants' books and records.

32. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the

6

books and records of Defendants.

33. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendants who worked at, reported to, or received assignments from Defendants' Facilities;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

34. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, reported to, or received assignments from Defendants' Facilities and was terminated without cause beginning on or about April 25, 2025, due to the mass layoffs and/or plant closings ordered by Defendants.

35. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendants decided to order mass layoffs or plant closings at the Facilities.

36. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

37. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages

suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

38. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of the Class members.

39. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## V.   CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime.

42. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoffs or plant closings at the Facilities.

43. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

44. On or about April 21, 2025, Defendants ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

45. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well

as thirty-three percent of Defendants' workforce at each Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

47. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

47. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

48. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

49. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

50. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

51. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A.  Certification of this action as a class action;

B.  Designation of Plaintiff as Class Representative;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     A judgment in favor of Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4);

E.     Interest as allowed by law on the amounts owed under the preceding paragraphs;

F.     Treatment of all damage claims as first priority administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A;

G.     Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

H.     Such other and further relief as this Court may deem just and proper.

Dated: May 2, 2025

Respectfully submitted,

By:    /s/   *John C. Leininger*
        John C. Leininger
        Texas Bar No. 24007544

**OTTESON SHAPIRO LLP**
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
Telephone: (214) 619-8325
Email: jcl@os.law

Jack A. Raisner, *Pro hac forthcoming*
René S. Roupinian, *Pro hac forthcoming*
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

**ATTORNEYS FOR PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**