# Exhibit A

## Stipulation and Agreed Order

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: <br><br> PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-80002 (SGJ) <br><br> (Jointly Administered) <br> Rel. to Docket No. 1 |
| AMANDA CANNAVO, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PROSPECT MEDICAL HOLDINGS, INC., *et al.,* <br> Defendants. | Adv. Pro. No. 25-08001-sgj |

### JOINT STIPULATION AND AGREED ORDER BETWEEN THE DEFENDANT DEBTORS AND PLAINTIFF AMANDA CANNAVO STAYING DEADLINES

This stipulation and agreed order (this "Stipulation and Agreed Order") is made by and

among Prospect Medical Holdings, Inc., Prospect CCMC, LLC and Prospect Crozer, LLC, as

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

defendants in the above captioned adversary proceeding (collectively, the "Defendant Debtors") and plaintiff Amanda Cannavo. (the "Plaintiff", and collectively with the Defendant Debtors, the "Parties").  The Parties hereby stipulate and agree as follows:

**WHEREAS**, on January 11, 2025, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court");

**WHEREAS**, on May 2, 2025, Plaintiff filed the *Class Action Adversary Proceeding Complaint for Violation of Warn Act 29 U.S.C. § 2101, et seq.* [Docket No. 1] (the "Complaint");

**WHEREAS**, on May 5, 2025, the Court entered the *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Docket No. 4] (the "Initial Scheduling Order");

**WHEREAS**, on June 20, 2025, the Defendant Debtors filed the *Defendants' Motion to Dismiss Complaint* [Docket No. 14] (the "Motion to Dismiss");

**WHEREAS**, a hearing was held on July 23, 2025, during which the Court denied the Motion to Dismiss.  Subsequently, on July 28, 2025, the Court entered the *Order Denying the Motion to Dismiss* [Docket No. 32];

**WHEREAS**, the Parties have determined that this Stipulation is in their best interests and will best facilitate a settlement on the relief requested in the Complaint, if possible;

**WHEREAS**, the undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective parties and that the respective parties have full knowledge of, and have consented to, this Stipulation; and

**WHEREAS**, the Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against any of the Parties.

2

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS ORDERED AS FOLLOWS:**

1. The foregoing recitals are hereby incorporated by reference int this Stipulation with the same force and effect as if fully set forth hereinafter.

2. All deadlines set forth in rule 7012 of the Federal Rules of Bankruptcy Procedure and rule 26 of the Federal Rules of Civil Procedure, as applied to adversary bankruptcy proceedings through rule 7026 of the Federal Rules of Bankruptcy Procedure, are hereby stayed for 45 days from the entry of this agreed order.

3. Following the 45-day stay, the Parties will submit an agreed scheduling order to this Court (the "Revised Scheduling Order"), which shall replace the Initial Scheduling Order.

4. On or before seven (7) days after the filing of the Revised Scheduling Order, the Defendant Debtors shall submit an answer to the Complaint.

5. The provisions of this Stipulation shall be binding on the Parties and their successors, heirs, and assigns and shall inure to the benefit of the Parties and their successors and assigns.

6. This Stipulation shall be effective and enforceable immediately upon entry of this Stipulation, in accordance with its terms.

7. The Court retains jurisdiction with respect to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies with respect to this Stipulation.

### # # # END OF ORDER # # #

Dated: September 2, 2025
Dallas, Texas

*/s/ Rakhee V. Patel*
SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Maegan Quejada (24105999)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    (214) 981-3300
Facsimile:    (214) 981-3400
Email:    tom.califano@sidley.com
    rpatel@sidley.com
    mquejada@sidley.com

SIDLEY AUSTIN LLP
William E. Curtin (admitted *pro hac vice*)
Jon W. Muenz (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email:    wcurtin@sidley.com
    jmuenz@sidley.com
    pventer@sidley.com
    anne.wallice@sidley.com

*Attorneys for the Defendant Debtors*

-and-

*/s/ Jack A. Raisner*
OTTESON SHAPIRO LLP
John C. Leininger
Texas Bar No. 24007544
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
Telephone: (214) 619-8325
Email:    jcl@os.law

RAISNER ROUPINIAN LLP
Jack A. Raisner (*pro hac* forthcoming)
René S. Roupinian (*pro h*ac forthcoming)
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Email:    rsr@raisnerroupinian.com
    jar@raisnerroupinian.com

*Attorneys for Plaintiff and*
*all others similarly situated*