**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)**

| | |
|---|---|
| In re: | |
| PROSPECT MEDICAL HOLDINGS, INC. *et al.*,[1] | **Chapter 11** <br> **Bankruptcy Case No. 25-80002 (SGJ)** <br> **Jointly Administered** |
| Debtors, | |
| AMANDA CANNAVO, on behalf of herself and all others similarly situated, | |
| Plaintiff, | **Adv. Pro. No.  25-08001 (SGJ)** |
| v. | |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION AND RELATED RELIEF**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.

**TABLE OF CONTENTS**

INTRODUCTION ……………………………………………………………………1

JURISDICTION ............................................................................................. 2

STATEMENT OF BACKGROUND FACTS ................................................... 2

ARGUMENT .................................................................................................. 4

   I.    WARN CLAIMS ARE ESPECIALLY APPROPRIATE FOR CLASS
       CERTIFICATION................................................................................. 4

   II.   CLASS CERTIFICATION IS APPROPRIATE IN THE BANKRUPTCY
       CONTEXT ........................................................................................... 6

   III.  CLASS CERTIFICATION IS APPROPRIATE AT THIS JUNCTURE...................... 8

   IV.  MERITS BASED INQUIRIES ARE LIMITED IN A MOTION FOR CLASS
       CERTIFICATION................................................................................. 9

   V.   THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23 ........ 10

      A.   Plaintiff Meets the Requirements of Rule 23(a)........................................... 10

        1.   The Numerosity Requirement is Satisfied ................................................ 10

        2.   Questions of Law and Fact Are Common to All Members of the Proposed Class .. 12

        3.   Plaintiff's Claim is Typical of the Claims of the Class ............................................ 13

        4.   Plaintiff Will Fairly and Adequately Protect the Interests of the Class................... 15

      B.   The Proposed Class Meets the Requirements of Rule 23(b)(3) ................................... 16

   VI.  THE COURT SHOULD APPOINT THE UNDERSIGNED CLASS COUNSEL...... 20

   VII. THE COURT SHOULD APPOINT PLAINTIFF AS CLASS REPRESENTATIVE . 20

   VIII. THE FORM AND MANNER OF SERVICE OF NOTICE ARE PROPER................ 21

CONCLUSION................................................................................................ 22

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Amchem Prod., Inc. v. Windsor*
    521 U.S. 591 (1997) ....................................................................................................12

*Albemarle Paper Co. v. Moody*,
    422 U.S. 405 (1975) ......................................................................................................7

*Amgen v. Connecticut Retirement Plans and Trust Funds*,
    133 S.Ct. 1184 (2013) ...................................................................................................9

*Applegate v. Formed Fiber Technologies, LLC,* No. 10–CV–00473–GZS,
    2012 WL 3065542 (D. Me. July 27, 2012) .................................................................5

*Bledsoe v. Emery Worldwide Airlines, Inc.*,
    635 F.3d 836 (6th Cir. 2011) ........................................................................................7

*Burgio v. Protected Vehicles, Inc.,*,
    392 B.R.633, (Bankr. D.S.C. 2008) ..............................................................................7

*Castro v. Collecto, Inc.*,
    256 F.R.D. 534 (W.D. Tex. 2009) ...............................................................................17

*Chauvin v. Chevron Oronite Co., LLC*,
    263 F.R.D. 364 (E.D. La. 2009) ..................................................................................14

*Chavez v. Plan Benefit Services, Inc.,* No. 1:17-CV-659-LY,
    2022 WL 1493605 at *16 (W.D. Tex. Mar. 29, 2022) ...............................................14

*Eisen v. Carlisle & Jacquelin*,
    391 F.2d 555 (2d Cir. 1968) ..................................................................................15, 17

*Gomez v. Am. Garment Finishers Corp.*,
    200 F.R.D. 579, 585 (W.D. Tex. 2000) ..................................................................11, 17

*Hanlon v. Party City Holdco, Inc.*, Nos. 24-90621,
    2025 Bankr. LEXIS 1632 (Bankr. S.D. Tex. July 8, 2025) ........................................18

*Hoover v. Drivetrain LLC*, No. 20-50966,
    2022 Bankr. LEXIS 2312, (Bankr. D. Del. Aug. 19, 2022), .......................................19

*In re Anadarko Petroleum Corp. Sec. Litig.,* No 4:20-cv-00576,
    2022 WL 4544235 at * 3 (S.D.Tex. Sept. 28, 2022) ..................................................13

*In re Connaught Group, Ltd.*,
    491 B.R. 88 (Bankr. S.D.N.Y. 2013) .............................................................................8

*In re Dewey & Leboeuf, LLP*,
   487 B.R. 169 (Bankr. S.D.N.Y. 2013) ...................................................................6, 7

*In re Domestic Air Transp. Antitrust Litigation*,
   141 F.R.D. 534 (N.D. Ga. 1992) ..............................................................................21

*In re Electronic Data Systems, Corp.*,
   226 F.R.D. 559 (E.D. Tex. 2005) .............................................................................21

*In re Mounce*,
   390 B.R. 233 (Bankr. W.D. Tex. 2008) ....................................................................10

*In re Partsearch Technologies, Inc.*,
   453 B.R. 84 (Bankr. S.D.N.Y. 2011).........................................................................11

*In re Rodriguez*,
   432 B.R. 671 (Bankr.S.D.Tex. 2010) ..................................................................10, 20

*In re Talbert*,
   347 B.R. 804–09 (Bankr.E.D.La.2005) .....................................................................10

*In re TSC Glob., LLC*
   2013 WL 6502168 (Bankr. D. Del. June 26, 2013) ....................................................6

*In re TWL Corp.*,
   712 F.3d 886 (5th Cir. 2013) .............................................................5, 6, 8, 16, 20

*J.D. v. Nagin*,
   255 F.R.D. 406, 415 (E.D. La. 2009).................................................................12, 14

*Marcus v. J.C.Penney Company, Inc.*, 13-cv-736-MHS-KNM,
   2016 WL 8604331 (E.D. Tex. Aug. 29, 2016) .........................................................16

*May v. Blackhawk Mining, LLC*,
   319 F.R.D. 233 (E.D. Ky. 2017) ................................................................................4

*Mullen v. Treasure Chest Casino*,
   186 F.3d 620 (5th Cir. 1999) ....................................................................................10

*Nelson v. Formed Fiber Technologies, LLC*, 10-Cv.-473,
   2012 WL 118490 (D.Me. Jan. 13, 2012) ...................................................................7

*New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, No. 93–3592,
   1994 WL 72101 (E.D. La. Mar. 2, 1994) ..............................................................4, 11

*Oscar Private Equity Investments v. Holland*, Civ. 3:03–CV–2761H,
   2005 WL 877936 (N.D.Tex. April 15, 2005) ...........................................................17

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) .................................................................................................17

*Piron v. Gen. Dynamics Info. Tech., Inc.,* Civ. No. 3:19cv709,
 2022 U.S. Dist. LEXIS 21926 (E.D. Va. Feb. 7, 2022) ...........................................18

*Pollet, Jr. v. Traveler's Prop. Cas. Ins. Co.,*
 *No. 01–863,* 2001 WL 1471724 (E.D. La. Nov. 16, 2001) ......................................18

*Rangel v. Cardell Cabinetry, LLC,* SA-13-CA-843, SA-13-CA-890,
 2014 WL 12542900 (W.D. Tex. Jan. 22, 2014) ............................................... passim

*Recinos-Recinos v. Express Forestry, Inc.,*
 233 F.R.D. 472, 481 (E.D. La 2006) ...............................................................15, 18

*Reyes v. Greater Texas Finishing Corp.,*
 19 F. Supp. 2d 709 (W.D. Tex. 1998) ......................................................................4

*Samson v. United Automobile Association,* No. 6:19-CV-00896,
 2022 WL 1415652 at *10 (W.D. La. May 3, 2022) .................................................14

*Schwartz v. Gregori,*
 45 F.3d 1017–23 (6th Cir.1995) ...............................................................................7

*Shaw v. Toshiba America Information Systems Inc.,*
 91 F. Supp 2d 941 (E.D. Tex 2000) ........................................................................17

*Spegele v. USAA Life Insurance Company,*
 336 F.R.D. 537 (W.D.Tex. 2020) ......................................................................10, 19

*Turner v. Murphy Oil USA,*
 472 F.Supp. 830 839 (E.D. La. 2007) .....................................................................21

*Tyson Foods, Inc. v. Bouaphakeo,*
 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016) ...............................................................9

*Wal-Mart Stores, Inc., v. Visa USA Inc.*
 F.3d 124 (2d Cir. 2001) ..........................................................................................16

*Williams v. Go Frac, LLC,* 15-cv-00199-JRG,
 2017 WL 3699350 (E.D. Tex. April 26, 2017) .........................................................4

*Young v. Fortis Plastics, LLC,*
 294 F.R.D. 128 (N.D. Ind. 2013) ..............................................................................5

**Statutes**

11 U.S.C. § 503 ................................................................................................................3

28 U.S.C. § 157 ................................................................................................................2

28 U.S.C. §§ 1331, 1334 .................................................................................................2

29 U.S.C. § 2101 ..........................................................................................................1, 3

iv

29 U.S.C. § 2104 ...............................................................................................................2, 4

**Other**

20 C.F.R. § 639.3 ...................................................................................................................18

Fed. R. Bankr. P. 7001 ...........................................................................................................6

Fed. R. Civ. P. 23 .......................................................................................................... passim

### INTRODUCTION

Plaintiff Amanda Cannavo ("Plaintiff") and an estimated 2,500 other similarly situated employees (the "Putative Class Members") worked for Defendants Prospect Medical Holdings, Inc. and its related Debtors and Non-Debtor affiliates ("Defendants" or "Prospect") at facilities throughout Pennsylvania as part of the Crozer Keystone Medical System, including Defendants' facility at 1 Medical Center Blvd, Upland, PA 19013 ("Crozer-Chester Medical Center" or "CCMC"). On April 21, 2025, she and others were informed that they were to be terminated within the next 14 days. The news came as a shock to employees. Plaintiff was terminated on May 2, 2025, as the last nurse caring for the final transferred patient  She filed an adversary proceeding that day on behalf of herself and the thousands of other similarly situated former employees alleging the terminations with less than 60 days' notice violated the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

Plaintiff's motion under Federal Rule of Civil Procedure 23, made applicable by Bankruptcy Rule 7023, seeks an Order (a) certifying a class comprised of: Plaintiff and all similarly situated former employees of Defendants who (i) worked at, reported to or received assignments from the following facilities: Crozer-CCMC, Crozer CCMC BHU, Crozer-Corporate Headquarters, Crozer-Springfield Hospital, Crozer-Springfield Hospital Offices, Crozer-Taylor Hospital, Crozer-West 15th Street Offices, Crozer-West 15th Street Offices BHU; (ii) were separated (other than termination for cause) beginning April 24, 2025, and within 30 days from the date of the layoff; and (iii) have not filed a timely request to opt-out of the class; (b) appointing Raisner Roupinian LLP as Class Counsel, (c) appointing Plaintiff as the Class Representative, (d) approving the form and manner of Notice, and (e) and such further relief as this Court may deem proper.

1

In support thereof, Plaintiff submits this memorandum of law along with her declaration (**Exh. A**); the declaration of proposed class counsel René S. Roupinian ("Roupinian Dec.", **Exh. B**); a proposed notice to the class (**Exh. C**); a proposed order (**Exh. D**); and two decisions discussed herein, *GDC Technics* (**Exh. E**) and Teta v. TWL (**Exh. F**).

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## STATEMENT OF BACKGROUND FACTS

Plaintiff was employed by Defendants as a Registered Nurse Supervisor from February 2024 until her termination without cause on May 2, 2025. About 2,500 other similarly situated employees of Defendants were terminated on or around that date.

On May 2, 2025 Plaintiff filed a class action adversary proceeding complaint against Defendants on behalf of herself and the estimated 2,500 similarly situated employees terminated as part of, or as the foreseeable result of mass layoffs or plant shutdowns ordered by Defendant, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the WARN Act. (Adv. ECF No. 1, ¶ 1) (the "Complaint").

The Complaint alleges that beginning on or about April 25, 2025, Prospect terminated thousands of employees from facilities across Pennsylvania (Adv. ECF No. 1, ¶¶ 1, 2, 26, 27), It asserts class action allegations under Fed. R. Civ. P. 23(a) and (b)(3) for Defendants' alleged violation of the WARN Act (Adv. ECF No. 1, ¶¶ 29-39).

The Complaint alleges that Defendants meet the requirements for coverage under the WARN Act, employing more than 100 employees who worked at least 4,000 hours per week, that Defendants effected a "mass layoff" or "plant closing" on or about April 24, 2025 and within 30

days of that date that resulted in the loss of employment for at least 50 employees and at least 33%

of the workforce, excluding part-time employees. (Adv. ECF No. 1, ¶¶ 41, 46). The Complaint

further alleges that Plaintiff and the other similarly situated former employees who were

terminated beginning on or about April 24, 2025 were discharged without cause, that all of the

former employees are "affected employees," as defined by 29 U.S.C. §2101(a)(5), that they did

not receive advance written notice followed by 60 days' back pay and fringe benefits, as required

by the WARN Act.  (Adv. ECF No. 1, ¶¶ 47-51).

    The Complaint further alleges that the proposed class meets the requirements of Fed. R.

Civ. P. 23(a), namely numerosity, commonality, typicality and adequacy of representation.  (Adv.

ECF No. 1, ¶¶ 33, 34-36). The Complaint further alleges that the proposed class meets the

requirements of predominance and superiority under Fed. R. Civ. P. 23(b)(3) because there are

questions of law and fact common to the class members that predominate over any questions

affecting only individual members and a class action is superior to other available methods for the

fair and efficient adjudication of the controversy, particularly in the context of WARN Act

litigation, where an individual plaintiff and class members may lack the financial resources to

vigorously prosecute a lawsuit in federal court against corporate defendants. (Adv. ECF No. 1,

¶¶ 37-38).

    The Complaint further alleges that Defendants, as a single employer, made the decision to

terminate the employment of Plaintiff and the other similarly situated former employees who

worked at the facilities (Adv. ECF No. 1, ¶ 20).

    The Complaint further alleges that because Defendants' violation was committed post-

petition, Plaintiff's claims, as well as the claims of all similarly situated employees, are entitled to

first priority administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A).  (Adv. ECF No. 1, ¶ 3).

On June 20, 2025, Defendants filed a Motion to Dismiss the Complaint (Adv. ECF No. 14, 25), which Plaintiff opposed (Adv. ECF No. 24). On July 28, 2025, the Court denied the motion to dismiss. (Adv. ECF No. 32).

## ARGUMENT

## I.    WARN CLAIMS ARE ESPECIALLY APPROPRIATE FOR CLASS CERTIFICATION

Courts in the Fifth Circuit recognize that WARN Act claims are "particularly amenable to class litigation" because mass layoffs and plant closings, by definition, affect large class-sized groups (WARN requires 50+, Rule 23 roughly 40+). *Rangel v. Cardell Cabinetry, LLC*, SA-13-CA-843, SA-13-CA-890, 2014 WL 12542900 at *3 (W.D. Tex. Jan. 22, 2014), *quoting Gomez v. Am. Garment Finishers Corp.,* 200 F.R.D. 579, 585 (W.D. Tex. 2000)). *See*, *infra*, Point V(A)(1). *See also New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, No. 93–3592, 1994 WL 72101 at *2 (E.D. La. Mar. 2, 1994) ("the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class."); *Rangel*, 2014 WL 12542900 at *1 (unopposed motion for class certification granted); *Reyes v. Greater Texas Finishing Corp.*, 19 F. Supp. 2d 709 (W.D. Tex. 1998) (WARN class certified); *Williams v. Go Frac, LLC*, 2:15-cv-00199-JRG, 2017 WL 3699350, at *1 (E.D. Tex. April 26, 2017) (WARN class certified after defendant withdrew objection).

There is no regulatory enforcement mechanism for WARN Act violations, so redress for violation of the statute relies on representative actions brought by an employee for a group as of right: "A person seeking to enforce such liability … may sue *either for such person or for other persons similarly situated*, *or both*, in any district court of the United States[.]" 29 U.S.C. § 2104(a)(5) (emphasis added). *See May v. Blackhawk Mining, LLC*, 319 F.R.D. 233, 236 (E.D. Ky. 2017) ("WARN Act plaintiffs have the right to bring representative actions to enforce the Act.").

Class actions brought under Fed. R. Civ. P. 23 have been repeatedly affirmed as the "'metho[d]' best suited to" adjudicate WARN controversies 'fairly and efficiently.'" *Id.* at 238., citing *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 851 (6th Cir. 2013); *see Young v. Fortis Plastics, LLC*, 294 F.R.D. 128, 134 (N.D. Ind. 2013) ("The WARN Act indicates that class treatment may be appropriate in this type of litigation, providing that a person may sue 'for other persons similarly situated.'"); *Applegate v. Formed Fiber Technologies, LLC*, No. 10–CV–00473–GZS, 2012 WL 3065542, at *3 (D. Me. July 27, 2012).(same).  For this reason, WARN classes have been routinely certified under Rule 23 (or its analog, Fed. R. Bankr. P Rule 7023) by district and bankruptcy courts.

In the bankruptcy context, the Fifth Circuit Court of Appeals has acknowledged the propriety of certifying WARN Act classes under Rule 7023 in adversary proceedings, such that dismissals require valid reasons and may require a reopening of the bar date. *In re TWL Corp.*, 712 F.3d 886, 899-900 (5th Cir. 2013) (vacating lower court's order denying class certification in a WARN adversary).  Bankruptcy courts in the Fifth Circuit have routinely certified WARN class actions in adversary proceedings.  *See e.g.*, *Stringham v. GDC Technics, LLC*, Adv. Proc. No. 32-05035 (CAG) (Bankr. W.D. Tex,) (ECF 61) (granting class certification of WARN action) (transcript of hearing on class certification attached hereto as Exh. E); *Glenn v. Little River Healthcare Holdings, LLC,* Adv. Proc. No. 19-6001 (RBK) (Bankr.W.D.Tex) (ECF 51) same); *Ward v. CQMS Razer (USA), LLC,* Adv. Proc. No. 12-01003 (Bankr. W.D. La.) (ECF 33) (WARN class certified for settlement purposes); *Teta v. TWL Corp.*, Adv. Proc. No. 08-04184 (BTR) (Bankr. E.D.Tex.) (ECF 51) (attached hereto as Exh. F) (granting class certification after remand from Fifth Circuit).

## II.      CLASS CERTIFICATION IS APPROPRIATE IN THE BANKRUPTCY CONTEXT

This motion is properly before the Bankruptcy Court. The Fifth Circuit recognizes that "[c]lass action proceedings are expressly allowed in the Federal Bankruptcy Rules, which provide that the requirements for class actions under Federal Rule of Civil Procedure 23 apply in adversary proceedings." *In re TWL*, 712 F.3d 886, 892 (5ᵗʰ Cir. 2013) quoting *In re Wilborn*, 609 F.3d 748, 754 (5th Cir. 2010). "In an adversary proceeding, Rule 23 is automatically applicable: there is no need to seek its application as is required in the claims allowance process." *Id*. at 893, quoted in *Stringham v. GDC Technics, LLC*, Adv. Proc. No. 32-05035 (CAG) (Bankr. W.D. Tex.) (ECF 61) (Exh. E at 14).

It is well established that WARN claims are properly brought as adversary proceedings, pursuant to Fed. Rule Bankr.P. 7001(7) because they seek equitable relief.  See  *In re TSC Glob., LLC*, 12-10505 (KG), 2013 WL 6502168, at *3 (Bankr. D. Del. June 26, 2013) ("The Court concludes that WARN Act claims seek equitable relief, and in doing so relies upon the well-reasoned opinion of Judge Martin Glenn in *In re Dewey & Leboeuf LLP*"). In *Dewey*, Bankruptcy Judge Glenn expressly addressed the nature of WARN claims being rooted in equity, concluding that a WARN Act claim *had* to be asserted in the form of an adversary proceeding rather than a proof of claim because the claim sought equitable relief. *In re Dewey & Leboeuf, LLP,* 487 B.R. 169, 174 (Bankr. S.D.N.Y. 2013).  Judge Glenn noted that Bankruptcy Rule 7001(7) requires an adversary proceeding "to obtain an injunction or other equitable relief."  The *Dewey* Court held that "[s]uccessful WARN Act plaintiffs recover back pay as equitable restitutionary relief as opposed to damages—WARN Act plaintiffs are not seeking compensation for the damages flowing from their discharge, but a reimbursement of those salaries and benefits, calculated on a per diem basis, which were due to them on the date they were laid off.'" *Id*. at 176–

6

77 (quoting *Burgio v. Protected Vehicles, Inc.,*392 B.R. 633, 638 (Bankr. D.S.C. 2008)). *See also Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 843 (6th Cir. 2011) (recognizing that WARN Act plaintiffs seek "wrongfully withheld funds—here back pay and benefits that should have been paid").

Other courts that have reviewed the equitable nature of WARN claims have identified at least three other features that make WARN claims equitable. First, WARN claims are almost always brought as class actions, and class actions themselves are rooted in equity. *Burgio,* 392 B.R. at 636-637 ("Class actions have their roots grounded firmly in equity."). Second, WARN Act relief provides for the recovery of benefits which are ERISA-related and thus equitable in character. *See Bledsoe,* 635 F.3d at 843 (recognizing that WARN plaintiffs seek "wrongfully withheld funds—here back pay and *benefits that should have been paid.*") (emphasis added); *Schwartz v. Gregori,* 45 F.3d 1017, 1022–23 (6th Cir.1995) (finding back pay awarded for retaliatory discharge in violation of ERISA constituted restitution and was, therefore, an equitable remedy available under ERISA); *Nelson v. Formed Fiber Technologies, LLC,* 2:10–CV–473, 2012 WL 118490, at *4–5 (D.Me. Jan. 13, 2012), report and recommendation adopted, 2:10–CV–473, 2012 WL 1253050 (D.Me. Apr. 13, 2012).  Third, the WARN Act gives courts discretion to reduce the amount of the relief awarded based on a showing of good faith – a hallmark of equity. *In re Dewey & LeBoeuf LLP*, 487 B.R. at 177; *See also Bledsoe,* 635 F.3d at 844 ("the WARN Act places the entire amount of the liability in the district court's discretion. This reinforces our view that the WARN Act remedies at issue are equitable in nature.") *cf. Albemarle Paper Co. v. Moody,* 422 U.S. 405, 443 (1975) (Rehnquist, J., concurring) ("To the extent, then, that the District Court retains substantial discretion as to whether or not to award backpay notwithstanding a finding of unlawful discrimination, the nature of the jurisdiction which the court exercises is equitable . . .").

7

While WARN claims contain both legal and equitable claims, it would be inefficient to require the filing of both an adversary to assert the equity claims and a proof of claim for those in law. That would be "unnecessarily duplicative" – the "better approach in a WARN Act case is to treat the adversary proceeding as the proof of claim." *In re Connaught Group, Ltd.*, 491 B.R. 88, 94 n.5 (Bankr. S.D.N.Y. 2013) (granting class certification in the WARN adversary proceeding).

The only Circuit Court of Appeals that has addressed the adversary proceeding issue in the WARN context is the Fifth Circuit, which ostensibly agreed with the *Dewey* Court that Rule 23 applies automatically to an adversary proceeding. *In re TWL*, 712 F.3d 886, 893 (5th Cir. 2013) ("In an adversary proceeding, Rule 23 is automatically applicable: 'there is no need to seek its application as is required in the claims allowance process.'"). While the bankruptcy court in *TWL* held that "the normal bankruptcy claims procedure was adequate to handle the claims" and that "the claims process can more expeditiously move (plaintiff's) claims down a parallel track," the panel found that such facial reasoning "failed to explain" a "rationale for denying class certification." It vacated and remanded the bankruptcy court's order. 712 F.3d at 893. In doing so, the *TWL* panel observed that the class adversary complaint asserted the same operative allegations as those alleged in the *Dewey* adversary proceeding: "the Debtor terminated Plaintiff and other employees in the month before the bankruptcy filing, and it alleged that debtor failed to comply with the WARN Act's notice requirement." *Id*. The substantive allegations contained in the *Dewey* adversary complaint are substantially the same here. Accordingly, adversary proceedings are appropriate for adjudicating WARN class action claims. *In re TSC Glob., LLC*, at *4 (collecting cases); *Connaught*, 491 B.R. at 93-94 (collecting cases).

## III.   CLASS CERTIFICATION IS APPROPRIATE AT THIS JUNCTURE

The motion is brought early, before the Court considers confirmation of a plan. This

is preferable under Rule 23, which mandates early decisions on class certification.  *See* Fed.

R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class

representative the court *must* determine by order whether to certify the action as a class

action.") (Emphasis added).

## IV.    MERITS BASED INQUIRIES ARE LIMITED IN A MOTION FOR CLASS CERTIFICATION

Merits-based inquiries are very limited at the class certification stage.  *See Amgen v.

Connecticut Retirement Plans and Trust Funds,* 133 S.Ct. 1184, 1194-1195 (2013) (stating that

"[m]erits questions may be considered to the extent—but only to the extent—that they are relevant

to determining whether the Rule 23 prerequisites for class certification are satisfied" and citing

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 n.6 (2011) for the proposition that "a district

court has no 'authority to conduct a preliminary inquiry into the merits of a suit' at class

certification unless it is necessary 'to determine the propriety of certification.'")).

A contention that the plaintiff cannot prove as true an element of her case does not hinder

class certification. Rather, when "'the concern about the proposed class is not that it exhibits some

fatal dissimilarity but, rather, a fatal similarity— [an alleged] failure of proof as to an element of

the Plaintiff's cause of action—courts should engage that question as a matter of summary

judgment, not class certification.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047, 194

L. Ed. 2d 124 (2016) (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84

N.Y.U. L. Rev. 97, 107 (2009).  *See also May v. Blackhawk Mining, LLC*, 319 F.R.D. at 238

(WARN Act class certification does not require that the Plaintiff "must first establish that it will

win the fray...."). This is because a class can be certified based on similarities that may ultimately

prove fatal to the claims. Accordingly, defendants "should *favor* certification of a Plaintiff class,

as [Defendants] 'win' [on the merits] would then bind all class members, instead of only the

individual Plaintiffs." *Alberts v. Nash Finch Company*, 245 F.R.D. 399, 408 n.4 (D. Minn. 2007).

## V.   THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23

Plaintiff must satisfy the four prerequisites of Fed. R. Civ. P. 23(a), then at least one of the

subsections of Rule 23(b) to meet the requirements for class certification.

### A.   Plaintiff Meets the Requirements of Rule 23(a)

Fed. R. Civ. P. 23(a) provides that a class may be certified only if (1) the class is so

numerous that joinder of all members is impracticable, (2) there are questions of law or fact

common to the class, (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class, and (4) the representative parties will fairly and adequately protect

the interest of the class."  All requirements are met here.

### 1.   The Numerosity Requirement is Satisfied

Numerosity requires a finding that the putative class is "so numerous that joinder of all

members is impracticable." Federal Rule of Civil Procedure 23(a)(1). The Fifth Circuit follows the

principle that "any class consisting of more than forty members should raise a presumption that

joinder is impracticable." *Spegele v. USAA Life Insurance Company,* 336 F.R.D. 537, 548

(W.D.Tex. 2020)("numerosity usually satisfied when the class comprises 40 or more members");

*In re Talbert,* 347 B.R. 804, 808–09 (Bankr.E.D.La.2005) (a proposed class of 88 members is

sufficiently numerous); *Mullen v. Treasure Chest Casino,* 186 F.3d 620, 624 (5th Cir. 1999)

(putative class of 100-150 members satisfies numerosity).  *See also, In re Rodriguez*, 432 B.R.

671, 692 (Bankr.S.D.Tex. 2010) (in finding that a class of 125 satisfies numerosity, the court notes

a group of more than forty raises the presumption that joinder is impracticable for purposes of

satisfying the numerosity requirement); *In re Mounce*, 390 B.R. 233, 241-42 (Bankr. W.D. Tex.

2008) (certifying proposed class estimated to contain between 91 and 400 members spread

throughout the four judicial districts in Texas because joinder "would be difficult, if not impossible, without the tools available to a class action").

A WARN class is likely to satisfy Rule 23(a)(1), given the nature of the Act. *Rangel*, 2014 WL 12542900 at *2 (numerosity satisfied because "[b]y its very terms, however, the WARN Act "applies only to those employer actions which affect large quantities of employees"); *New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 WL 72101 at *2 (WARN class of 140 members certified); *Gomez v. Am. Garment Finishers Corp.,* 200 F.R.D. at 581-82 (certifying WARN class of about 350 members). *See also*, *New Orleans Clerks and Checkers Union Local 1497*, 1994 WL 72101 at *2 (citing *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp 460, 465 (S.D.N.Y 1989) ("By its terms, WARN is applicable only in the context of employer action which affects a large number of employees.")).

Plaintiff estimates that there are about 2,500 putative class members, which easily satisfies the numerosity threshold.  (Cannavo Decl., Exh. A, ¶10).  In the event putative class members wish to bring their claims individually, most, if not all, have limited financial resources, making individual suits unfeasible. For this reason, solo WARN actions are virtually never brought absent a class action. *Rangel*, 2014 WL 12542900 at *3 ("With roughly two months of back wages as the potential damages, WARN Act cases are often described as "negative value" suits in which it costs more for an individual plaintiff to investigate and initiate a claim than his or her individual claim is worth.") (citing *In re TWL Corp.,* 712 F.3d at 903).  *See also In re Partsearch Technologies, Inc.*, 453 B.R. 84, 97 (Bankr. S.D.N.Y. 2011) ("[P]roceeding individually would likely be impractical for individual members because each holds a relatively small claim. In such circumstances, as with those before the Court, 'the class action device is frequently superior to individual actions.'") (quoting *In re Taylor Bean & Whitaker Mortgage Corp.,* No. 3:09-BK-

07047-JAF, 2010 WL 4025873, at *4 (Bankr. M.D. Fla. Sept. 27, 2010). Plaintiff has a claim for

two months' pay and benefits. (Cannavo Decl., Exh. A, ¶18).  Because of the small size of her

claim, her current financial situation, and the cost of attorneys' fees, she is unable to pursue her

claim as a sole litigant. (*Id.*)  Plaintiff also believes that the Putative Class Members are similarly

situated and unable to pursue their rights under the WARN Act except through a class action.  (*Id.*)

The use of Rule 23 is particularly appropriate here, where employees with small claims

have no reasonable prospect of navigating the complicated bankruptcy process to achieve positive

results on their own.  "The policy at the very core of the class action mechanism is to overcome

the problem that small recoveries do not provide the incentive for any individual to bring a solo

action prosecuting his or her rights.  A class action solves this problem by aggregating the

relatively paltry potential recoveries into something worth someone's (usually an attorney's)

labor." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (citation omitted).

2.   Questions of Law and Fact Are Common to All Members of the Proposed Class

The second prerequisite of class certification is that "there be questions of law or fact

common to the class" Fed. R. Civ. P. 23(a)(2).  *J.D. v. Nagin*, 255 F.R.D. at 414 (E.D. La. 2009)

("the test for commonality is not demanding and is met "where there is at least one issue, the

resolution of which will affect all or a significant number of the putative class members."),

*citing Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620 (5th Cir.1999). The commonality

factor is satisfied if there is "at least one issue common to the class", and the typicality factor is

usually satisfied when "the representative plaintiff is subject to the same policies as the putative

class members." *Id.*; *Rangel*, 2014 WL 12542900 at *2 ("Plaintiffs clearly assert that the remaining

Cardell employees suffered the same injury: losing his jobs without the 60 days' advance notice

required by the WARN Act.  This contention is appropriately resolved on a classwide basis.").

Here, the factual and legal questions stem from a common core of facts regarding Defendants' actions and a common core of legal issues regarding every class member's rights, as follows: (a) whether Defendant employed more than 100 employees; (b) whether all the class members are protected by the WARN Acts; (c) whether Defendant discharged the class members beginning April 24, 2025 in connection with mass layoffs or plant closings or as the reasonably foreseeable result thereof; (d) whether the class members were "affected employees"; (e) whether Defendant terminated the employment of the class members without cause; (f) whether Defendant terminated the employment of the class members without giving them at least 60 days' prior written notice as required by the WARN Acts; (g) whether Defendant failed to pay the class members 60 days' wages and benefit and (h) whether Defendant and its affiliates constitute a single employer under relevant law. These common questions far exceed the requirement of a single common question of law or fact.   Indeed, the only factual variation among the class members is the amount of wages due to each of them, which never defeats commonality. *Rangel*, 2014 WL 12542900 at *2 **(**"The only perceived difference between the Plaintiff's claims and the other class members' claims is the final amount of back pay that each employee would be entitled to receive, a predicament that exists in every WARN Act case and which does not preclude class certification.") (citing *Applegate v. Formed Fiber Techs., LLC***,** 2:10–cv–00473-GZS, 2012 WL 3065542, at *6 (D. Me. 2012) ("class action suits under the WARN Act always involve a class comprised of persons with different positions, different pay, and who may have been terminated on different dates.")). For these reasons, the Rule 23(a) factor of commonality is met.

      3.   <u>Plaintiff's Claim is Typical of the Claims of the Class</u>

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." *In re Anadarko Petroleum Corp. Sec. Litig.*, No 4:20-cv-

00576, 2022 WL 4544235 at * 3 (S.D.Tex. Sept. 28, 2022) ("Plaintiffs can satisfy typicality "by showing that class representatives' claims arise from a similar course of conduct and share the same legal theory."). Typicality is closely related to commonality in that the threshold is not high. *Chavez v. Plan Benefit Services, Inc.*, No. 1:17-CV-659-LY, 2022 WL 1493605 at *16 (W.D. Tex. Mar. 29, 2022) ("the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent."); *Samson v. United Automobile Association,* No. 6:19-CV-00896, 2022 WL 1415652 at *10 (W.D. La. May 3, 2022) (same).

Typicality under Rule 23(a)(3) should be determined with reference to the company's actions, not to particularized defenses it might have against certain class members. *J.D. v. Nagin*, 255 F.R.D. at 406, 415 (E.D. La. 2009) ("the typicality requirement focuses less on the relative strength of the named and unnamed Plaintiff's cases than on the similarity of the legal and remedial theories behind his claims."), *citing Jenkins v. Raymark Industries, Inc.,* 782 F.2d 468 (5th Cir. 1986); *Chauvin v. Chevron Oronite Co., LLC*, 263 F.R.D. 364, 369 (E.D. La. 2009) ("When the claims permeate from a similar course of conduct or transaction and share the same legal theory, factual differences will not defeat typicality.").

Typicality is easily satisfied in the WARN context. *See Rangel*, 2014 WL 12542900 at *2 (typicality satisfied in WARN case because "the Plaintiff's claims and the other Cardell workers' claims arise out of the same course of conduct (the Cardell factory closed without notice) and are based on the same legal theory (the WARN Act)."). Here, liked in *Rangel*, typicality is satisfied because the Plaintiff worked for Defendant and allege that Defendants' unlawful practices constitute the same course of events that led to the same injury, namely, their terminations without cause on or about April 21, 2025.  Therefore, Plaintiff is typical of the putative class members.

4.   Plaintiff Will Fairly and Adequately Protect the Interests of the Class

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).  This requirement applies both to the proposed class representative and proposed class counsel.  *Recinos-Recinos*, 233 F.R.D. at 480 ("The adequacy requirement "encompasses class representatives, his counsel, and the relationship between the two.") (citing *Stirman v. Exxon Corp.,* 280 F.3d 554, 563 (5th Cir. 2002) (quoting *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 479 (5th Cir. 2001)).

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed Class Representative and the interests of the Class as a whole. As described in Plaintiff's declaration, the circumstances of her employment and termination render her interests the same as those of Putative Class Members. All must prove that they were entitled to, and not given adequate WARN notice. All must show that Defendant is not protected by WARN's statutory exceptions.

The second element of Rule 23(a)(4) is met because Plaintiff's counsel is "qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974). *See also*, *Rangel*, 2014 WL 12542900 at *3 ("The Plaintiffs propose to use two … law firms as class counsel. One of these firms has some specialized experience in WARN class actions, and the other appears to have experience in other forms of class actions…[thus] appear sufficiently "qualified, experienced, and generally able to conduct the proposed litigation"). Proposed class counsel are particularly qualified to represent the putative class in this WARN action and have diligently prosecuted Plaintiff's claims.  Under Rule 23(g)(1)(A), in appointing class counsel the court must consider:

15

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel/s knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

As set forth in the Roupinian Declaration (Exh. B), Raisner Roupinian LLP is dedicated solely to representing employees affected by mass layoffs and shutdowns. Proposed Class Counsel spent time investigating the facts which gave rise to the WARN claim, monitored the bankruptcy proceedings, has had numerous discussions with the Debtors' counsel to streamline, coordinate and pace the litigation with recognition of the economics of the bankruptcy case, and sought and received informal discovery. *Id.* Proposed Class Counsel is well versed in the relevant facts and has extensive experience with the applicable law. *Id.* It has been appointed Class Counsel in the Bankruptcy Courts in Eastern, Northern, and Western Districts of Texas, and successfully litigated the leading decision on the filing of WARN adversary class actions in the Fifth Circuit. *In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013). For all the foregoing reasons, all four prerequisites of Rule 23(a) for Class certification are met by the proposed class.

## B.    The Proposed Class Meets the Requirements of Rule 23(b)(3)

Class Certification is proper under Rule 23(b)(3) when the moving party can show: (1) that common questions of law or fact predominate over individual questions (predominance); and (2) that a class action is the superior method to adjudicate this dispute (superiority). *Wal-Mart Stores, Inc., v. Visa USA Inc. (In re Visa Check/MasterMoney Antitrust Litig.),* 280 F.3d 124, 136 (2d Cir. 2001) (The "Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation"); *Marcus v. J.C.Penney Company, Inc.*, 6:13-

cv-736-MHS-KNM, 2016 WL 8604331, at *4 (E.D. Tex. Aug. 29, 2016), *Oscar Private Equity Investments v. Holland*, Civ. 3:03–CV–2761H, 2005 WL 877936 at *7 (N.D.Tex. April 15, 2005). This requirement is met in a WARN action. *Rangel,* 2014 WL 12542900 at *3 ("The predominance requirement is easily satisfied here, because the class members' injuries and remedies are all nearly identical.") (quoting *Gomez*, 200 F.R.D. at 584 ("[E]stablishing WARN liability turns on straightforward issues regarding whether Defendant is an 'employer' under WARN; whether a 'mass layoff' or 'plant closing' took place ... and, if so, whether Defendant gave the proper notice required by WARN.")).

Considerations of judicial economy and efficiency are of high importance and, where, as here, determination of the common, predominant issues shared by Class Members will dispose of the matter, class certification should be ordered. *See Castro v. Collecto, Inc.*, 256 F.R.D. 534, 534 (W.D. Tex. 2009) (Rule 23(b)(3) superiority is satisfied where the claims, facts, defenses and substantive law present little complication for the Court to hear in the class action form).

The dispositive inquiry of whether the common issues of fact and law are sufficiently cohesive to warrant adjudication by representation is not in dispute here. *Shaw v. Toshiba America Information Systems Inc.*, 91 F. Supp 2d 941, 957 (E.D. Tex 2000). In a case like this, where the Defendants' wholesale termination of employees is the sole possible source of injury, "there is no possible reason for wanting these issues to be developed repeatedly *ad infinitum* by individual claimants." *Id.* at 958. For this reason, a class action is the superior method of resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 566-567.

Predominance is met where resolution of some of the legal or factual questions surrounding

each class member's case can be achieved through generalized proof and if these issues are more substantial than the issues subject only to individualized proof. *Recinos-Recinos v. Express Forestry, Inc.,* 233 F.R.D. 472, 481 (E.D. La 2006); *Pollet, Jr. v. Traveler's Prop. Cas. Ins. Co.,* No. 01–863, 2001 WL 1471724 at *2 (E.D. La. Nov. 16, 2001).

Defendants may argue that the presence of some remote employees in their workforce poses an obstacle to predominance. WARN defendants have sometimes argued that establishing a remote employee's WARN site requires individualized showing, as it turns (per WARN regulations) on the company's reporting structure and flow of assignments. *See* 20 C.F.R. § 639.3(i)(6) (remote employees' WARN site is the site "from which their work is assigned, or to which they report"). Courts that have heard this class certification objection from WARN defendants have rejected it. *See Hanlon v. Party City Holdco, Inc. (In re Party City Holdco Inc.)*, Nos. 24-90621, 24-3273, 2025 Bankr. LEXIS 1632, at *16 (Bankr. S.D. Tex. July 8, 2025) (rejecting defendants' argument that "determination of whether the WARN Act applies to a remote employee requires fact specific, individualized inquiries" because "[r]emote employees are "undoubtedly" covered in the text of the regulation."), *citing Hoover v. Drivetrain LLC*, No. 20-50966, 2022 Bankr. LEXIS 2312, at *11 (Bankr. D. Del. Aug. 19, 2022). Based on Plaintiff's investigation, the number of remote employees here is small—likely less than 10% of the class. There are numerous bodies of common evidence that may answer the "reporting/assignments" question for these employees. First, some employers tag remote employees to a specific site in their internal databases, for operational purposes. That database, among others, provides common evidence for the class. *See generally Piron v. Gen. Dynamics Info. Tech., Inc.*, Civil Action No. 3:19cv709, 2022 U.S. Dist. LEXIS 21926, at *8 and 36 (E.D. Va. Feb. 7, 2022) (certifying WARN class of more than 800 remote background investigation workers) (noting "strong support for the

18

Plaintiffs' position that the mobile workforce was directed from the [Project Management Office ("PMO")] and describing, inter alia, the PMO's "Case Management System" which ensured "[c]ontinuity for field investigations across the country"). Additionally, the testimony of a small number of managers can establish the reporting structure applicable to the class members. *See Hoover*, 2022 Bankr. LEXIS 2312, at *24-25 (certifying WARN class of mostly remote employees, noting that testimony from two major department heads would likely be sufficient, and if any more were needed, the number "seem[ed] manageable"). The remote employee question is no obstacle to predominance.

In addition to the above criteria, Fed. R. Civ. P. 23(b)(3) sets forth four factors to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to class members predominate over individual matters. They are:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.*

The superiority analysis must encompass the practicalities of the class device as compared to individual actions. *Spegele*, 336 F.R.D. at 558, *citing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164 (1974).

In *TWL*, Judge Graves noted that the Fifth Circuit accords superiority to the method that best brings forward smaller claims in bankruptcy:

> Lending further weight for class certification under this factor, the Bankruptcy Court for the Southern District of Texas has held that the "greatest indication that a class action [adversary proceeding] would be superior to other available methods of adjudication" is a "negative value suit." *In re Wilborn,* 404 B.R. 841, 868 (Bankr.S.D.Tex.2009) (citations omitted), *vacated on other grounds,* 609 F.3d 748 (5th Cir.2010); *see*

> *also In re Charter Co.,* 876 F.2d 866, 871 (11th Cir. 1989) ("[T]he effort and cost of investigating and initiating a claim may be greater than many claimants' individual stake in the outcome, discouraging the prosecution of these claims absent a class action filing procedure."); Collier on Bankruptcy ¶ 7023.03(3) (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("It could be economically impossible for each class member to proceed on an individual basis."). Since this is clearly a "negative value suit"—the cost to each worker to litigate his or her own WARN Act proof of claim would almost certainly outweigh the value of the claim—it only makes sense to pursue the claims as a class in an adversary proceeding.

712 F.3d at 903.

Here, given the relatively small size of Plaintiff's claim and financial circumstances, along with the straitened estate's limited outlook of recovery for unsecured creditors, the cost of attorneys' fees makes her unable to pursue this claim as a sole litigant. Others similarly situated may also find such costs similarly prohibitive. *In re Rodriguez,* 432 B.R. 671, 693 (S.D. Bankr. 2010) ("The smaller the individual claim, the more appropriate the class action."). Accordingly, both prongs of Rule 23(b)(3) – predominance and superiority – are satisfied here, and the class should be certified.

## VI.     THE COURT SHOULD APPOINT THE UNDERSIGNED CLASS COUNSEL

Plaintiff is represented by attorneys who are highly experienced in class action litigation and experienced in prosecuting WARN Act claims, having been appointed Class Counsel in over 150 WARN actions. *Id.* As shown in the Roupinian Declaration, Plaintiff's counsel has been actively and diligently prosecuting this action, expending attorney and paralegal time in furtherance of the litigation. (Exh. B).

## VII.    THE COURT SHOULD APPOINT PLAINTIFF AS CLASS REPRESENTATIVE

Plaintiff has been diligent in pursuing the class claim and has worked with counsel in initiating and prosecuting the action; she has no conflict of interest with other Class Members and has and will fairly and adequately represent the interests of the Class. Plaintiff has been actively

involved in prosecuting this case and will continue to do so. For these reasons, Plaintiff's counsel

asks that Plaintiff Amanda Cannavo be appointed the Class Representative.

## VIII.   THE FORM AND MANNER OF SERVICE OF NOTICE ARE PROPER

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the

Court must determine the best notice practicable under the circumstances, including individual

notice to potential class members, and that the notice must concisely and clearly state in plain,

easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B).

Although no rigid standards govern the contents of notice to Class Members, the notice

must contain information that a reasonable person would consider material to making an informed,

intelligent decision of whether to opt-out or remain a member of the class and be bound by the

final judgment. *Turner v. Murphy Oil USA,* 472 F.Supp. 830 839 (E.D. La. 2007); *In re Domestic

Air Transp. Antitrust Litigation*, 141 F.R.D. 534, 553 (N.D. Ga. 1992) (quoting *In re Nissan Motor

Corp. Antitrust Litigation*, 552 F.2d 1088, 1105 (5th Cir. 1977)).  Individual mailings to each Class

Member is appropriate.  *In re Electronic Data Systems, Corp.,* 226 F.R.D. 559, 572 (E.D. Tex.

2005).

The proposed notice satisfies all the requirements of Rule 23(c)(2)(B). The Notice

summarizes in plain language the nature of the pending WARN Act litigation and apprises the

proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that

complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt out of the Class, that if they do not opt out, they will be bound by any judgment or settlement in the litigation of this action, and that if they do not opt out, they still may appear by his own counsel.

Plaintiff proposes that the proposed Notice of Class Action (Exhibit C) be sent to Class Members by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown in the Defendants' records, and that this is the best notice practicable under all the circumstances. The names and addresses of all the putative Class Members are contained in Defendants' records. Once Plaintiff has been provided with a class list and the addresses of the Class Members, Plaintiff's counsel will mail the Notice of Class Action by First Class Mail, postage prepaid, to the last known address of each of the Class Members so that they will have at least 30 days from the date of the mailing to object to Class certification and to opt out of the Class.  This is the best practicable notice under the circumstances.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter the Proposed Order (Exhibit D) granting the Motion for Class Certification and Related Relief.

Dated: October 30, 2025

Respectfully submitted,

By:     /s/   *Jack A. Raisner*
Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com

Email: rsr@raisnerroupinian.com


John C. Leininger
Texas Bar No. 24007544
**OTTESON SHAPIRO LLP**
5420 LBJ Freeway, Suite 1225
Dallas, Texas 75240
Telephone: (469) 397-4825
Email: jcl@os.law

*Attorneys for Plaintiff and the putative class*

23