## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>**PROSPECT MEDICAL HOLDINGS, INC.** *et al.*,[1]<br><br>　　　**Debtors,** | **Chapter 11**<br>**Bankruptcy Case No. 25-80002 (SGJ)**<br>**Jointly Administered** |
| **AMANDA CANNAVO, on behalf of herself and all others similarly situated,**<br><br>　　**Plaintiff,**<br><br>**v.**<br><br>**PROSPECT MEDICAL HOLDINGS, INC., *et al.*,**<br><br>　　**Defendants.** | **Adv. Pro. No.  25-08001-sgj** |

## APPENDIX TO MOTION FOR CLASS CERTIFICATION

| Description: | | APP. No. |
|---|---|---|
| Exhibit A: | Declaration of Amanda Cannavo | 001-003 |
| Exhibit B: | Declaration of René S. Roupinian | 004-015 |
| Exhibit C: | Proposed Notice of Class Action | 016-019 |
| Exhibit D: | Proposed Order Certifying a Class and Granting Related Relief | 020-023 |
| Exhibit E: | *Stringham v. GDC* Ruling: Motion for Class Certification and Related Relief | 024-062 |
| Exhibit F: | *Teta v. TWL* Order Denying Motion to Dismiss Plaintiff's Complaint and Granting Plaintiff's Motion for Class Certification and Related Relief | 063-067 |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.

Respectfully submitted,

By:      /s/  *Jack A. Raisner*
         Jack A. Raisner

René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

John C. Leininger
Texas Bar No. 24007544
**OTTESON SHAPIRO LLP**
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
Telephone: (214) 619-8325
Email: jcl@os.law

**ATTORNEYS FOR PLAINTIFF AND ALL
OTHERS SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was forwarded to all counsel of record via ECF notification on this the 30th day of October, 2025.

 */s/ Jack A. Raisner*
Jack A. Raisner

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)**

| | |
|---|---|
| In re: | |
| PROSPECT MEDICAL HOLDINGS, INC. *et al.*,[1] | **Chapter 11** <br> **Bankruptcy Case No. 25-80002 (SGJ)** <br> **Jointly Administered** |
| Debtors, | |
| AMANDA CANNAVO, on behalf of herself and all others similarly situated, | |
| Plaintiff, | **Adv. Pro. No. 25-08001 (SGJ)** |
| v. | |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*, | |
| Defendants. | |

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION AND RELATED RELIEF**

I, Amanda Cannavo, hereby declare the following under penalty of perjury:

1.    I am a former employee of Defendants and the named Plaintiff in the above-captioned class action suit for damages against Defendants to recover pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

2.    I make this declaration based upon my personal knowledge in support of Plaintiff's Motion for Class Certification and Related Relief.

3.    I reside in the state of Pennsylvania.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.

4.      I was employed by Defendants from February 2024 until I was terminated on or about May 2, 2025.

5.      At the time of my termination, I was working as a Registered Nurse Supervisor. I worked at Defendants' facility located at 1 Medical Center Blvd, Upland, PA 19013 ("Crozer-Chester Medical Center").

6.      On April 21, 2025, I and others found for the first time that we were to be terminated within the next 14 days.

7.      At no time prior to April 21, 2025 did I receive written notice my job would be terminated.

8.      I was terminated without cause.

9.      Along with myself, I believe that beginning around April 21, 2025 and within 90 days of that date, Defendants terminated thousands of other similarly situated employees.

10.     I do not know the exact number of employees who were terminated beginning around April 21, 2025, but I believe it was approximately 2,500 individuals. I believe the information about the number of people terminated is contained in Defendants' business records.

11.     I did not receive 60 days' written notice of my termination pursuant to the WARN Act nor, to the best of my knowledge, did any of the other similarly situated former employees. I believe my WARN rights, as well as the WARN rights of the other terminated employees were violated.

12.     I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received 60 days' pay under the WARN Act.

13.     During our employment at the hospital, the employer name on my paychecks was Prospect CMCC LLC. I am aware that some of the other employees had different "Prospect"

APP. 002

employer names on their paychecks, but those distinctions had no bearing on day-to-day operations, as we were all part of the Crozer Keystone Health System.

14.    Following my termination, I retained the legal services of Raisner Roupinian LLP as my counsel to assert WARN claims on my behalf, as well as a class claim on behalf of the employees terminated with me.

15.    I believe that the circumstances of my termination are the same as those of the other terminated employees, in that we were all terminated as part of the same layoffs.

16.    I am eager and willing to continue to prosecute this action on behalf of the other terminated employees. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action. I have maintained regular contact with my counsel regarding the status of the class action.

17.    I have no conflict of interest with other class members.

18.    My claim against Defendants under the WARN Act is for approximately $25,000. The modest size of my claim, my financial situation, and the cost of attorneys' fees leave me unable to pursue this claim as a sole litigant. I believe the other terminated employees are similarly situated and unable to feasibly pursue their rights individually under the WARN Acts.

19.    My attorneys have been vigorously prosecuting this action. I believe the Raisner Roupinian LLP firm is well-qualified to serve as class counsel.

20.    In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Related Relief be granted.

21.    I declare the foregoing is true and correct to the best of my knowledge and belief.

Executed on _____
10/27/2025

Signed by:

AMANDA CANNAVO

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## (DALLAS DIVISION)

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC. *et al.*,[1]<br><br>　　　　　　　Debtors,<br><br><br>AMANDA CANNAVO, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,<br><br>　　　　　　　Defendants. | **Chapter 11**<br>**Bankruptcy Case No. 25-80002 (SGJ)**<br>**Jointly Administered**<br><br><br><br><br>**Adv. Pro. No.  25-08001 (SGJ)** |

### DECLARATION OF RENÉ S. ROUPINIAN IN SUPPORT OF PLAINTIFF'S
### MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

René S. Roupinian hereby declares the following under penalty of perjury:

1.　　　I am a partner of Raisner Roupinian LLP, the law firm that represents Amanda Cannavo ("Plaintiff") in the above-captioned action.

2.　　　This declaration is submitted in support of Plaintiff's Motion for Class Certification and Related Relief.

### THE DILIGENT PROSECUTION OF THE ACTION

3.　　　Plaintiff, both through her counsel and otherwise, has diligently prosecuted this

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.

action. Following our retention, proposed class counsel promptly investigated the facts, interviewed multiple former employees, researched the relevant law and otherwise evaluated the potential WARN claims of Plaintiff and the other similarly situated employees, reviewed the Defendants' and the affiliated Debtors' bankruptcy filings, filed the Complaint and successfully opposed Defendants' Motion to Dismiss.  Plaintiff's Counsel has and will continue to devote the necessary resources to this litigation.

## THE SUITABILITY OF PLAINTIFF'S COUNSEL TO ACT AS CLASS COUNSEL

### Raisner Roupinian LLP

4.      Jack A. Raisner and I are founders of Raisner Roupinian LLP, a law firm solely dedicated to representing employees affected by mass layoffs and shutdowns. Prior to forming Raisner Roupinian LLP, Mr. Raisner and I were co-chairs of the WARN Act Practice Group at a prominent employee rights law firm in New York City, where we spent over a decade litigating WARN Act cases throughout the country. We are joined by the firm's of counsel, Gail C. Lin, a WARN Act attorney with more than 15 years' experience in state, district, and bankruptcy courts throughout the country, and associate Isaac Raisner, who, prior to joining the firm, advocated for employee rights on behalf of migrant and domestic farmworkers at Georgia Legal Services Program and, more recently, worked in private practice at a prominent firm in Georgia that represents employees.  Raisner Roupinian LLP has already committed the time and effort of several attorneys to the legal research, factual investigation, and prosecution of this lawsuit.

5.      We have represented WARN classes in several cases in Fifth Circuit courts. In the bankruptcy context, we brought a WARN class action adversary proceeding against a Chapter 7 debtor and were granted class certification after winning a reversal from the U.S. Court of Appeals for the Fifth Circuit.  *In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013).

2

6.     Although our primary objective in bankruptcy is to serve our clients' and class members' interests by maximizing their monetary recovery, we also seek to add value and avoid wasteful expense to the estate whenever possible – for the benefit of our clients and all creditors. Drawing on our experience in the bankruptcy processes, we have worked with debtors, lenders, equity sponsors, committees, bankruptcy trustees, liquidating debtors and other counterparties and constituents, to formulate and achieve creative, fair, and reasonable outcomes.

7.     In *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 197 L.Ed.2d 398 (2017), a WARN case we litigated to the U.S. Supreme Court, our WARN team won a notable victory in a decision that restored high priority under the Bankruptcy Code for employee wages. We appealed a bankruptcy court order affirmed by the U.S. Court of Appeals for the Third Circuit approving a structured dismissal distribution that skipped over payment of the wage priority claim held by the class of WARN Act creditors. In a 6-2 decision, the Court sided with the WARN Act class and reversed the lower courts, holding that structured dismissals cannot be approved when they violate the priority rules of the Bankruptcy Code absent the consent of affected creditors.  Further protecting the priority rule, after a two-day trial in *FAH Liquidating Corp.*, we won priority treatment for WARN claims that accrued more than 180 days prior to the petition filing – under the rarely-litigated "cessation of business" provision of the Bankruptcy Code. *In re FAH Liquidating Corp.*, 13-13087-KG, 2019 WL 8269114 (Bankr. D. Del. Dec. 27, 2019).

8.     We have testified at the request of lawmakers on Capitol Hill and in state legislatures to strengthen the notice law for employees facing mass layoffs and shutdowns. In fact, our attorneys helped establish the first state law providing notice and mandatory severance for workers facing mass firings and layoffs in New Jersey.

9.     In 2019, Mr. Raisner and I attended hearings before New Jersey state legislative

3

committees on the proposed Senate Bill 3170, which arose out of the 2018 collapse of Toys 'R Us. In that bankruptcy, we represented, and settled, the severance claims of the 33,000 terminated employees.  The New Jersey "Toys R' Us" law expands the protections of the New Jersey WARN Act workers, by increasing the notice period from 60 to 90 days, increasing covered sites, and requiring an additional amount of severance-type pay for lack of notice. Jack Raisner helped draft and testified twice before the Legislature in favor of the measure, which has received national attention.

10.     Our WARN practice has helped give WARN Act claims its foothold in the bankruptcy process.  We have obtained decisions approving the use of adversary proceedings in many jurisdictions, including Delaware and New York bankruptcy courts. *See In re Dewey & LeBoeuf LLP*, 487 B.R. 169 (Bankr. S.D.N.Y. 2013); *In re TSC Glob., LLC,* No. 12-10505-KG, 2013 WL 6502168 (Bankr. D. Del. June 26, 2013) (Chapter 7).

11.     In addition, Mr. Raisner and I obtained a reversal from the U.S. Court of Appeals for the Second Circuit in a Chapter 7 WARN Act Case.  *Guippone v. BH S & B Holdings LLC*, 737 F.3d 221 (2d Cir. 2013) (vacating summary judgment awarded to single employer parent).

12.     We have been Plaintiff's counsel in over 150 active or settled, certified or putative WARN class actions, including the following in Bankruptcy Courts in the Fifth Circuit:  *Hanlon v. Party City Holdco Inc.*, 24-03273 (ARP) (Bankr S.D. Tex.) (appointed interim class counsel under Rule 23(g); *In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013); *Sanford v. The Pill Club, et al.*, Case No. 23-04038-ELM (Bankr. S.D. Tex.); *Fetto v. Tuesday Morning Corporation, et al*., Case No. 23-09005-ELM (Bankr. N.D. Tex.); *Marvin, et al. v. Katerra, Inc.,* Case No. 21-03440-CML (Bankr. S.D. Tex.); *Stringham v. GDC Technics, Inc.*, Case No. 21-05035-CAG (Bankr. W.D. Tex); *Glenn v. Little River Healthcare Holdings, LLC,* Case No. 19-6001-RBK (Bankr. W.D.

4

Tex.); *Kusnick v. LMCHH PCP, LLC and Louisiana Medical Center and Heart Hospital, LLC et al.*, Case No. 17-10353-JAB (Bankr. E.D. La.).

13.    We also represent or represented plaintiffs in the following WARN class actions in the Bankruptcy Court for the District of Delaware: *Adler-Swanberg v. MediaMath Holdings, Inc., et al.*, Case No. 23-50427-LSS; *Nunn, et al. v. Bitwise Industries Inc., et al.,* Case No. 23-50425-TMH*; Gass v. Boxed, LLC,* Case No. 23-10397-BLS; *Grandfield v. Pear Therapeutics (U.S.), Inc.,* Case No. 23-50334-TMH; *Hansen v. PGX Holdings, Inc., et al.*, Case No. 23-50396-CTG; *Hoover v. Drivetrain LLC,* 20-50966-CTG (settled); *Johnson, et al. v. RAC Investment Holdings, LLC, et al.,* Case No. 23-10316-BLS; *Buckley, et al. v. First Guaranty Mortgage Corp.*, Case No. 22-50387-CTG (settled) ; *Thomay v. Klausner Lumber One, LLC,* Case No. 20-50602-KBO (settled); *In re Klausner Lumber Two LLC*, Case No. 20-11518-KBO (settled); *Karaniewsky et al v. US Investigations Services, LLC*, Case No.  15-50204-KBO (settled); *Etzelsberger, et al. v. Fisker Automotive Holdings, Inc.*, Case No. 13-13087- KG (settled); *Wilrich v. Charming Charlie Holdings, Inc., at al.*, Case No. 19-50276-CSS (settled); *Miller v. Columbus Steel Castings Company, et al.*, Case No. 16-50997-CSS (settled); *Rasheed v. American Home Mortgage Corp.*, Case No. 07-51688-CSS  (settled); *Mekonnen, et al. v. HomeBanc Mortgage Corporation*, Case No. 07-51695-KJC (settled); *Aguiar v. Quaker Fabric Corporation*, Case No. 07-51716-KG (settled); *Jones v. Alliance Bancorp,* Case No. 07-51799-CSS (settled); *Bressmer v. Delta Financial Corporation,* Case No. 07-51808-CSS (Bankr. D. Del.) (settled); *Austen v. Archway Cookies,* Case No. 08-12323-BLS (Bankr. D. Del.) (settled); *Jackson v. Qimonda*, Case No. 09-50192-MFW (Bankr. D. Del.) (settled); *Willock v. Pemco World Air Services, Inc*., Case No. 12-50799-MFW (Bankr. D. Del.)  (settled); *Folk, et al. v. Monaco Coach Corporation,* Case No. 09-50402-MFW (Bankr. D. Del.) (settled); and *Decuir v. WL Homes LLC,* Case No. 09-52270-BLS

5

(Bankr. D. Del.).

14.     Additionally, we also represent or represented plaintiffs in the following WARN class actions: *Palomino v. Powin LLC, et al.,* Case No. 25-01249-MBK (Bank. D. N.J.); *Gilbert v. Meyer Burger (Americas) Ltd.,* Case No. 2:25-cv-01898-SPL (D.Ariz); *Nunn v. Bitwise Industries, Inc.*, Case No. 1:23-cv-00867-ADA-SAB (E.D. Cal.); *Alcantara v. UFI, et al.*, Case No. 22-2110-MCS (C.D. Cal.); *Alcantara, et al. v. United Furniture Industries*, Case No. 23-01001-SDM (Bankr. N.D. Miss.); *Garrett v. Santa Cruz Valley Regional Hospital*, Case No. 22-99908 (D. Ariz.) (settled); *Walker v. Product Quest Manufacturing, LLC*, Case No. 18-06028-LMJ (Bankr. M.D. N.C.) (settled); *Kinney v. Public Consulting Group, et al.*, Case No. 22-02458-ER (S.D.N.Y.), *Coleman, et al. v. Optum Inc., et al.*, Case No. 22-05664 (S.D.N.Y.); *Castillero, et al. v. Xtend HealthCal.re, LLC*, Case No. 3:22-cv-02099-GC-DEA (D.N.J.) (settled); *Federman, et al. v. ITT Educational Services, Inc.*, Case No. 16-50296 (Bankr. S.D. Ind.) (settled); *Bergeron v. DGI Services, LLC*, Case No. 11-2712-JNP (Bank. D. N.J.) (settled); *Piron, et al v. General Dynamics Information Technology, Inc.*, Case No. 19-709-REP (E.D. Va.) (settled); *Ien v. Transcarel.re Corporation, et al.*, Case No. 16-1033-SMB (Bankr. S.D.N.Y.); *Martz-Gomez v. Anna's Linen's, Inc.*, Case No. 8:15-bk-13008-TA (Bankr. C.D. Cal) (settled); *Philips v. Munchery, Inc.*, Case No. 19-0469-JSC (N.D. Cal.) (settled); *Vance v. Zacky & Sons Poultry, LLC*, Case No. 18-01375-RK (Bankr. E.D. Cal.)(settled); *Kennedy v. Colortree Group, Inc.*, Case No. 3:19-cv-00424 -KLP (E.D. Va.) (settled); *Primavera v. Crowne Architectural Systems, Inc*., Case No. 17-01272-SLM (Bankr. D. NJ) (settled); *Chism v. Lamar Construction Company*, Case No. 14-80170-jwb (W.D. Mich.) (settled); *Pocrass v. Gymboree Group, Inc., et al.*, 19-03010-KLP (Bankr. E.D. Va.) (settled); *Miranda v. DC Solar Solutions, Inc.* Case No. 19-5002-btb (Bankr. NV); *Grimes v. Evergreen Recreational Vehicles, LLC*, Case No. 16-00472-MGG (N.D. Ind.)

6

(settled); *Singleton v. Alevo Manufacturing, Inc.,* Case No. 17-06024-CLA (Bankr. M.D. N.C.)

(settled); *Chenault v. CS Mining, LLC*, Case No. 16-02095-WTT (Bankr. D. Utah) (settled); *May*

*v. Blackhawk Mining, LLC*, 319 F.R.D. 233, 236 (E.D. KY) (settled); *Bent v. ABMD, Limited,* 439

B.R. 475 (Bankr. S.D. Ohio) (settled)*; Murphy v. LenderLive Network, Inc.*, Case No. 12-07551-

RBJ (D. Colo.) (settled); *Mofield v. FNX Mining Company USA Inc*., Case No. 08-00105-JEG

(M.D. Tenn.) (settled); *Wojciechowski v. ClearEdge Power, Inc.*, Case No. 14-4152-CN (Bankr.

N.D. Cal.) (settled); *Schuman v. The Connaught Group. Ltd.,* Case No. 12-10512-SMB (Bankr.

S.D.N.Y.) (settled); *Callahan v. Taylor Bean & Whitaker Mortgage Corp.,* Case No. 09-00439-

JAF (Bankr. M.D. Fla.) (settled); *Mochnal v. EOS Airlines, Inc*., Case No. 08-08279-ASH (Bankr.

S.D.N.Y.) (settled); *Barcelo v. Rhythm and Hues, Inc.,* Case No. 13-01206-NB (Bankr. C.D. Cal.)

(settled); *Binford v. First Magnus Capital, Inc.*, Case No. 08-01494-GBN (Bankr. D. Ariz.)

(settled); *Bridges v. ContinentalAFA Dispensing Co.,* Case No. 08-45921-KAS (Bankr. E.D. MO)

(settled); *Johnson v. First NLC Financial Services, LLC,* Case No. 08-01130-PGH (Bankr. S.D.

Fla.) (settled); *Clayton v. Continental Promotion Group Inc*., Case No. 08-18112-CPM (Bankr.

M.D. Fla.) (settled); *Iannacone v. Fortunoff Holdings Inc.,* 09-22581-ASH (Bankr. S.D.N.Y.)

(settled); *Curry v. Caritas Health Care Inc*., Case No. 09-40901-CEC (Bankr. E.D. N.Y.) (settled);

*Thielmann, et al., v. MF Global Holdings Ltd., et al.,* Case No. 11-02880-MG (Bankr. S.D. N.Y.)

(settled); *Conn et al. v. Dewey & LeBoeuf LLP,* Case No. 12-01672-MG (Bankr. S.D. N.Y.)

(settled); *Matzen v. Corwood Laboratories, Inc.,* Case No. 10-08003-AST (Bankr. E.D. N.Y.)

(settled); and *Decker v. Data Listing Services, LLC,* Case No. 11-06373-MAT (W.D. N.Y.)

(settled).

**Jack A. Raisner**

15. Jack A. Raisner is a founding partner at Raisner Roupinian LLP. Prior to forming

**APP. 010**

Raisner Roupinian LLP, Mr. Raisner spent over a decade as the co-chair of the WARN practice group at an employee rights firm in New York City.

16.     In addition to practicing law, Mr. Raisner is Professor of Law at Tobin College of Business, St. John's University. He is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiffs in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment Litigation in New York, West's General Practice in New York*, and *International Labor and Employment Laws*. He has been a member of the American Bar Association, Section of Labor and Employment Law, Fair Labor Standards subcommittee where, starting in 2006, he delivered the annual conference presentation concerning attorneys' ethics in wage and hour class actions.  His articles have appeared in various legal journals and publications, including the New York Law Journal and the New York State Bar Association Labor and Employment Newsletter. Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of Law in 1983.  He is admitted to the New York bar. He is also admitted to practice in several federal district courts, four U.S. Court of Appeals Circuits, and the U.S. Supreme Court.

17.     In 2008, Mr. Raisner submitted testimony from the litigator's perspective on the need for WARN Act reform at the invitation of Senator Edward Kennedy, Chairman of the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon the occasion of the Committee's hearing on the 20th Anniversary of the WARN Act, at which his client testified regarding his class action against Quaker Fabrics, which resulted in a $1 million settlement in the U.S. Bankruptcy Court, District of Delaware.

APP. 011

**René S. Roupinian**

18.    I am a founding partner of Raisner Roupinian LLP. I have actively litigated cases on behalf of employees under the WARN Act for almost two decades. Prior to forming Raisner Roupinian LLP, I spent over a decade as the co-chair of the WARN practice group at an employee rights firm in New York City. Since 2002, I have devoted 100% of my practice to the litigation of WARN cases.  I have served as counsel in more than 150 WARN class actions, representing tens of thousands of employees.    Those cases, in addition to the ones mentioned above, include: *Ballentine v. Triad International Maintenance Corporation*, Case No. 01-10357 (E.D. Mich.); *Scott v. Greenwood Mills. Inc.*, Case No. 02-00221 (D.S.C.); *Andrews v. Pliant Systems Inc.*, Case No. 01-00065 (Bankr. E.D.N.C.); *Law v. American Capital Strategies Ltd.*, Case No. 05-00836 (M.D. Tenn. 2005); *Bandel v. L.F. Brands Marketing, Inc.*, Case No. 04-CV-01672 (S.D.N.Y. 2004); *Walsh v. Consolidated Freightways Corporation*, Case No. 03-01074 MG (Bankr. C.D. Cal.); *Gardner v. Pillowtex Corporation,* Case No. 03-60213 (Bankr. D. Del.); *Baker v. National Machinery Company*, Case No. 02-07444 (N.D. Ohio); *Ruggieri* v. *Teligent, Inc.,* 03-04871 (S.D.N.Y. 2003); *Trout v. Transcom USA, Inc.*, 03-00537 (S.D. Ind.); B*arajas v. Gonzalez Inc.*, Case No. 02-15508 (Bankr. D. Ariz.); *D'Andreis v. Thomaston Mills, Inc.*, Case No. 01-05142 (Bankr. M.D. Ga.); and *Michael Cain v. Inacom Corp.*, 00-01724 (Bankr. D. Del.).

19.    I have written numerous articles and lectured on WARN class action litigation. I have spoken on federal and state WARN rights and the litigation of WARN class claims before the American Bar Association, the New York State Bar Association, the National Employment Lawyers Association, the Midwest Regional Bankruptcy Seminar and other organizations, including presenting at the National Conference of Bankruptcy Judges on *Jevic – The Insider Story and the Impact on Future Chapter 11s*.    The following is a partial list of my WARN presentations

9

and publications:

**Presentations:**

<u>2025</u>
Co-Presenter – WARN Act Basics for New Employment Attorneys: Guiding Clients Through the Mass Layoff Process, Webinar, Strafford/BARBRI

<u>2022</u>
Speaker: "Reevaluating and Revisiting Class Claims," American Bankruptcy Institute Annual Spring Meeting, Washington, D.C.

<u>2020</u>
Speaker: "What Every Employment Attorney Needs to Know About Bankruptcy, But is Afraid to Ask", National Employment Lawyers Association New York Fall Conference

<u>2019</u>
Speaker: – Class Action and Bankruptcy Convergence; American Bankruptcy Institute Southeast Workshop

<u>2017</u>
Speaker: *Jevic* – The Insider Story and the Impact on Future Chapter 11s; National Conference of Bankruptcy Judges

Speaker: How will *Jevic* Change Chapter 11 Practice? ABI's Midwest Regional Bankruptcy Seminar

<u>2016</u>
Speaker: "WARN Act Issues in Bankruptcy," 36th Annual ABI Midwestern Bankruptcy Institute

Speaker: "WARN Act Update: What Labor and Employment Lawyers Need to Know," 53rd Annual Midwest Labor & Employment Law Seminar

<u>2014</u>
Speaker: "Seeking Your Recovery: Pre-Judgment Attachment and Bankruptcy", National Employment Lawyers Association New York Affiliate

<u>2010</u>
Speaker: "The Financial Crisis: Impact on WARN Act Cases," ABA Federal Labor Standards Legislation Committee Midwinter Meeting

**APP. 013**

Speaker: "The Financial Crisis: Impact on WARN Act Cases," New York County Lawyers' Association

Speaker: "Economy in Peril (Part 1): The Legal LandsCal.pe for Addressing Reductions in Force," American Bar Association teleconference

Speaker: "WARN Act Specialist Offers Advice About Layoffs Amidst Tough Economic Times," Employment & Labor LAWCAL.ST

Speaker: "Layoff Law," Fairfield County Bar Association

Speaker: "New Causes of Action: WARN Act and ERISA," National Employment Lawyers Association New York Affiliate

Speaker: "Reductions in Force in Both a Union and Non-Union Setting," New York State Bar Association

Speaker: "Attacking Mass Layoffs," National Employment Lawyers Association National Convention

Speaker: "Analyzing Employee Issues in Chapter 11," Midwest Regional Bankruptcy Seminar

Speaker: "The Last Resort: What Labor & Employment Lawyers Need to Know About Bankruptcy," American Bar Association

2008
Speaker: "Grasping the WARN Act through an interactive discussion addressing all the ins and outs," Tonkins Employment Law: Termination

**Publications:**

2010 Co-Author with Jack A. Raisner and Michael Scimone: "*Fair Warning for Workers*," Trial Magazine, August 2010

2008 Author: "*A Practitioner's Overview of the Deficiencies of the Worker Adjustment and Retraining Notification Act Twenty Years Following its Enactment,*" The New York Employee Advocate, Volume 14, No. 5, June 2008

11

**APP. 014**

20.     I have been quoted on WARN law rights and the firm's cases have been cited in such publications as the Wall Street Journal, the New York Times, American Lawyer, Associated Press, USA Today, Forbes, Newsday, Times-Gazette, The Herald News, and others.

21.     In 2008, together with Jack A. Raisner and our client, Joe Aguiar, I submitted testimony to the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon invitation from the Committee's Chair, Senator Edward Kennedy on the 20th Anniversary of the WARN Act.  My testimony highlighted from a litigator's perspective the deficiencies in the Act and its need for reform.

22.     I received my BA from the University of Michigan, and my JD from Michigan State University College of Law. Prior to 2002, I was a partner in a Detroit law firm where I litigated individual employment claims and class actions.  I am a member of the bars of New York and Michigan.  I am also admitted to practice in six federal district courts and the U.S. Supreme Court.

23.     Mr. Raisner and I have also been frequently quoted on WARN law rights and our cases have been cited in such publications as the Wall Street Journal, the New York Times, American Lawyer, Associated Press, USA Today, Forbes, Newsday, Times-Gazette, The Herald News, and others.  We have also appeared on CNN and other networks to discuss our WARN cases. Accordingly, Raisner Roupinian LLP has adequate knowledge in the substantive and procedural legal issues present in this litigation, as required by Rule 23(g)(1).

DATED: October 28, 2025

By:   /s/ René S. Roupinian
      RENÉ S. ROUPINIAN

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)**

| | |
|---|---|
| In re: | |
| PROSPECT MEDICAL HOLDINGS, INC. *et al.*,[1] | **Chapter 11** |
| | **Bankruptcy Case No. 25-80002 (SGJ)** |
| Debtors, | **Jointly Administered** |
| | |
| AMANDA CANNAVO, on behalf of herself and all others similarly situated, | |
| Plaintiff, | **Adv. Pro. No.  25-08001 (SGJ)** |
| v. | |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*, | |
| Defendants. | |

**[PROPOSED] NOTICE OF CLASS ACTION**

***PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS.***

**TO:** All former employees of Defendants who (i) worked at, reported to or received assignments from the following facilities: Crozer-CCMC, Crozer CCMC BHU, Crozer-Corporate Headquarters, Crozer-Springfield Hospital, Crozer-Springfield Hospital Offices, Crozer-Taylor Hospital, Crozer-West 15th Street Offices, Crozer-West 15th Street Offices BHU; (ii) were separated (other than termination for cause) beginning April 24, 2025, and within 30 days from the date of the layoff; and (iii) have not filed a timely request to opt-out of the class.

**SUBJECT:** The claims of a former employee of Defendants alleging that her rights and the rights of Class Members were violated under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

**DATE:** _____, 2025

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.

## THE CLASS CLAIM

Plaintiff Amanda Cannavo filed this action against Defendants Prospect Medical Holdings, Inc., and its affiliated debtors (the "Defendants"), on May 2, 2025. The Plaintiff and other employees worked at Defendants' facilities until about April 24, 2025, when they were terminated without cause due to mass layoffs or plant closings carried out by Defendants. The Plaintiff claims that under the WARN Act, she and the other employees were entitled to receive written notice at least 60 days' in advance of their termination and that they did not receive such advanced notice. The Plaintiff claims that as a result of Defendants' failure to give the required notice, she and the other former employees are entitled to an award of 60 days' wages and benefits.

Defendant filed a Motion to Dismiss the Complaint. The Court denied that motion.

## THE CLASS DEFINITION

The Court has recently certified this case as a Class Action and defined the Class as: Plaintiff and all similarly situated former employees of Defendants who (i) worked at, reported to or received assignments from the following facilities: Crozer-CCMC, Crozer CCMC BHU, Crozer-Corporate Headquarters, Crozer-Springfield Hospital, Crozer-Springfield Hospital Offices, Crozer-Taylor Hospital, Crozer-West 15th Street Offices, Crozer-West 15th Street Offices BHU; (ii) were separated (other than termination for cause) beginning April 24, 2025, and within 30 days from the date of the layoff; and (iii) have not filed a timely request to opt-out of the class.

Based on Defendants' records, Plaintiff's counsel has identified you as a person who meets this definition.

## WHAT TO DO

**If you wish to be a member of the class, you do not need to do anything** and you will receive whatever benefits you may be entitled to, if you are determined to be eligible as a Class Member. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel if you are a Class Member.

**If you do NOT wish to participate in this Action, and wish to be EXCLUDED and thereby reserve your rights under the WARN Act and NOT share in any recovery in the Action, sign the Exclusion Form below** and mail it by First Class Mail to Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801, New York, New York 10016, (212) 221-1747, Attn: René S. Roupinian. The form must be received by Ms. Roupinian no later than _____, **2025.** All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

**APP. 017**

## CLASS COUNSEL AND CLASS REPRESENTATIVE

The Plaintiff who initiated this lawsuit is represented by Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801, New York, New York 10016, (212) 221-1747. The Court has also recently appointed Plaintiff Amanda Cannavo as the Class Representative.

## THE COURT HAS NO POSITION ON THE MERITS

The Court has taken no position regarding the merits of the Plaintiff's claims.

## ADDITIONAL INFORMATION

If you wish information or assistance, please contact Jenny Hoxha of Raisner Roupinian LLP at (212) 221-1747. ***Please do not call or contact the Court or Defendant's Counsel for information.***

3

APP. 018

## <u>EXCLUSION FORM</u>

*Cannavo v. Prospect Medical Holdings, Inc., et al.*
United States Bankruptcy Court for the Northern District of Texas
Adversary Proceeding No.  25-08001 (SGJ)


I, the undersigned, have read the foregoing Notice and understand its contents. I, the undersigned, **<u>do not</u>** want to be part of the Class Action or receive any benefits from the Class Action and do not wish to be bound by the outcome of the Class Action.


_____          _____
Signature                                                       Address



_____          _____
Name (printed or type)                                   Telephone



_____
Date

If you do NOT wish to be included, send this completed form to:
Raisner Roupinian LLP
270 Madison Avenue, Suite 1801
New York, New York 10016
Attn: René S.  Roupinian

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | |
|---|---|
| In re:<br><br>PROSPECT MEDICAL HOLDINGS, INC. *et al*.,[1]<br><br>      Debtors,<br><br><br>AMANDA CANNAVO, on behalf of herself and<br>all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., *et al.*,<br><br>      Defendants. | **Chapter 11**<br>**Bankruptcy Case No. 25-80002 (SGJ)**<br>**Jointly Administered**<br><br><br><br><br>**Adv. Pro. No. 25-08001 (SGJ)** |

## [PROPOSED] ORDER CERTIFYING A CLASS AND GRANTING RELATED RELIEF

AND NOW, upon consideration of Plaintiff's Motion for Class Certification and Related

Relief, and the Court being otherwise advised in the premises, and upon finding that the

proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b) and Rule 23(b)(3), as

made applicable by Fed. R. Bankr. P. 7023, it is hereby

ORDERED and DECREED that Plaintiff's Motion is GRANTED; and it is

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Prospect.

FURTHER ORDERED that a class (the "Class") is certified, comprised of: Plaintiff and all similarly situated former employees of Defendants who (i) worked at, reported to or received assignments from the following facilities: Crozer-CCMC, Crozer CCMC BHU, Crozer-Corporate Headquarters, Crozer-Springfield Hospital, Crozer-Springfield Hospital Offices, Crozer-Taylor Hospital, Crozer-West 15th Street Offices, Crozer-West 15th Street Offices BHU; (ii) were separated (other than termination for cause) beginning April 24, 2025, and within 30 days from the date of the layoff; and (iii) have not filed a timely request to opt-out of the class;

FURTHER ORDERED that Raisner Roupinian LLP is hereby appointed Class Counsel; and it is

FURTHER ORDERED that Plaintiff Amanda Cannavo is hereby appointed the Class Representative; and it is

FURTHER ORDERED that the proposed form of Notice to the Class submitted to the Court is approved; and it is

FURTHER ORDERED that within ten (10) business days after the entry of this Order, Defendants shall provide Class Counsel with the names and addresses of the class members as contained in Defendants' records; and it is

FURTHER ORDERED that on or before (10) business days after receipt from Defendants of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First Class postage prepaid, to all class members to their last known address as noted in the records of the Defendant; and it is

APP. 021

FURTHER ORDERED that after such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice; and it is

FURTHER ORDERED that the deadline for any Class Member to opt-out of the Class shall be 30 days from the date of mailing of the Notice; and it is

FURTHER ORDERED that after the opt-out deadline has expired, Class Counsel shall serve and file a sworn statement listing the names of any person who has opted out of the Class; and it is

FURTHER ORDERED that Notice in compliance with this order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

### END OF ORDER##

APP. 022

Order submitted by:

By:    /s/  *Jack A. Raisner*
Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

John C. Leininger
Texas Bar No. 24007544
**OTTESON SHAPIRO LLP**
5420 LBJ Freeway, Suite 1225
Dallas, Texas 75240
Telephone: (469) 397-4825
Email: jcl@os.law

*Attorneys for Plaintiff and the putative class*

4

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGSLEA STRINGHAM, | ) | CASE NO:  21-05035-CAG |
| | ) | ADVERSARY |
| Plaintiff, | ) | |
| | ) | San Antonio, Texas |
| vs. | ) | |
| | ) | Friday, October 29, 2021 |
| GDC TECHNICS, LLC, | ) | |
| | ) | 10:30 a.m. to 11:18 a.m. |
| Defendant. | ) | |

LEAD CASE: 21-50484-CAG
GDC TECHNICS, LLC


RULING: MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF
[DKT.NO.20]

BEFORE THE HONORABLE CRAIG A. GARGOTTA,
UNITED STATES BANKRUPTCY JUDGE



APPEARANCES:            See page 2


Courtroom Deputy:       Lisa Elizondo

Court Reporter [ECRO]:  Daniel Paez

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, TX 78468
                        361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**


Plaintiff:                    RENE S. ROUPINIAN, ESQ.
                              ISAAC RAISNER, ESQ.
                              JACK RAISNER, ESQ.
                              Raisner Roupinian, LLP
                              270 Madison Ave.
                              Suite 1801
                              New York, NY 10016

For Defendant:                MOLLY M. JONES, ESQ.
                              SCOTT D. LAWRENCE, ESQ.
                              Wick Phillips Gould & Martin, LLP
                              3131 McKinney Ave.
                              Suite 500
                              Dallas, TX 75204

3

1      <u>San Antonio, Texas; Friday, October 29, 2021; 10:30 a.m.</u>

2                      **(Remote appearances)**

3                       **(Call to Order)**

4          **THE COURT:**  Good morning, ladies and gentlemen, this

5  is Judge Gargotta.

6          This is our 10:30 matter, Adversary Number 21-05035,

7  *Stringham v. GDC Technics, LLC*.  This is the Court's oral

8  ruling on ECF Number 20, the Plaintiff's Motion for Class

9  Certification and Related Relief.

10         May I have appearances first of all by Plaintiff's

11 counsel?

12         **MR. ISAAC RAISNER:**  Good morning, Your Honor --

13         **MS. ROUPINIAN:**  Good morning, Your Honor.  Rene

14 Roupinian --

15         **MR. ISAAC RAISNER:**  Sorry.

16         **MS. ROUPINIAN:**  Good morning, Your Honor.  Rene

17 Roupinian of Raisner Roupinian appearing on behalf of the

18 Plaintiff.

19         **THE COURT:**  Could you spell your last name for the

20 record, please, ma'am.

21         **MS. ROUPINIAN:**  Yes.  It's R-o-u-p-i-n-i-a-n.

22         **THE COURT:**  Thank you, ma'am.

23         Who else would like to enter an appearance on behalf

24 of the Plaintiff?

25         **MR. ISAAC RAISNER:**  Good morning, Your Honor.  This

**APP. 026**

4

1   is Isaac Raisner also from Raisner Roupinian representing

2   Ms. Stringham.

3           **THE COURT:**  Mr. Raisner, would you spell your last

4   name for the record, please.

5           **MR. ISAAC RAISNER:**  Yes.  R-a-i-s-n-e-r.

6           **THE COURT:**  Thank you, sir.

7           Anyone else appearing on behalf of the Plaintiff?

8           **MR. JACK RAISNER:**  Good morning, Your Honor.  Jack

9   Raisner also on behalf of Ms. Stringham.

10          **THE COURT:**  Thank you.

11          **MR. JACK RAISNER:**  And the same spelling.

12          **THE COURT:**  Thank you, sir.

13          **MR. JACK RAISNER:**  Thank you.

14          **THE COURT:**  Anyone else?

15      **(No audible response)**

16          Who's appearing on behalf of the Defendant this

17  morning, please?

18          **MS. JONES:**  Good morning, Your Honor.  It's Molly

19  Jones from Wick Phillips on behalf of Defendant.

20          **THE COURT:**  Thank you.

21          Other Defense counsel or Defendant's counsel, please?

22          **MR. LAWRENCE:**  Good morning, Your Honor.  This is

23  Scott Lawrence on behalf of Defendant, GDC Technics, LLC, also

24  of Wick Phillips.  My last name is Lawrence, L-a-w-r-e-n-c-e.

25          **THE COURT:**  Thank you, Mr. Lawrence.

1           Anyone else?

2      **(No audible response)**

3           And I'll just ask, are there any other parties that

4  are listening in this morning that wish to enter an appearance?

5      **(No audible response)**

6           All right, thank you.  Apologies to you all.  We

7  needed an extra day to sort through some things.  I appreciate

8  you all making yourselves available this morning.  This will

9  take a little bit of time, not surprisingly given the issues

10 presented to the Court.  So, there may be a moment or two where

11 the record goes a little quiet and it probably means, you know,

12 just catching a breath or drinking some coffee so I can

13 continue to read.  So, let me just go ahead and I'm going to

14 start my ruling now.

15          This is the Court's oral ruling on Plaintiff's Motion

16 for Class Certification and Related Relief.  I'll refer to it

17 as the Motion for Class Certification.  It's at ECF Number 20.

18 I will now explain why the Motion for Class Certification is

19 granted with respect to the WARN Act and breach of contract

20 claim.

21          This Court has jurisdiction over the Motion to

22 Dismiss pursuant to 28 U.S.C. Section 1334(b).  This is a court

23 proceeding under 28 U.S.C. Section 157(b)(2)(A), matters

24 concerning administration of the estate.  Venue is proper under

25 28 U.S.C. Sections 1408 and 1409.  This matter is referred to

6

1   this Court pursuant to the District Court's Order of Reference.

2           The findings and conclusions set forth herein

3   constitute the Bankruptcy Court's findings of fact and

4   conclusions of law pursuant to Federal Rule of Bankruptcy

5   Procedure 7052(a) made applicable to this hearing by Federal

6   Rule of Bankruptcy Procedure 9014.

7           To the extent that any of the following findings of

8   fact constitute conclusions of law, they are adopted as such.

9   To the extent that any of the following conclusions of law

10  constitute findings of fact, they are adopted as such.

11          Plaintiff Kingslea Stringham filed her Motion for

12  Class Certification on August 18, 2021, at ECF Number 20.  The

13  Motion for Class Certification seeks to certify a class of

14  former GDC Technics, LLC, I'll refer to GDC employees, for a

15  WARN Act claim, appoint Stringham as the class representative,

16  appoint Raisner Roupinian LLP as class counsel, and approve the

17  form and manner of notice attached to the Motion for Class

18  Certification at Exhibit D.  ECF Number 20 at 1 through 2.

19          GDC filed its Defendant GDC Technics, LLC's Response

20  in Opposition to the Plaintiff's Motion for Class Certification

21  and Related Relief on September 15, 2021.  I'll refer to it as

22  the Response.  ECF Number 38.

23          GDC points out that the Motion for Class

24  Certification does not address the breach of contract claim

25  pleaded in this case.  ECF Number 38 at Pages 4 through 5.  GDC

1   argues that a class cannot be certified under implied contract

2   theory because litigation will require analysis of

3   individualized understandings of whether a contract existed.

4   ECF Number 38 at Pages 5 through 6.  GDC further contends that

5   the predominance prong to Rule 23(b)(3) is not satisfied

6   because GDC could present different defenses against different

7   class members, for example alleging that Stringham falsified a

8   record for timecards, and that a class action is not superior

9   to the normal bankruptcy proofs of claim process.  This is at

10  ECF Number 38, Pages 7 through 9.

11         Stringham filed Plaintiff's Reply in Support of the

12  Motion for Class Certification on September 29, 2021, the

13  Reply, at ECF Number 40.  The Reply focuses on explaining why

14  the class should be certified with respect to the breach of

15  contract claim.  This is at Pages 2 through 5 of the Reply.

16  The argument for certification with the breach of contract

17  claim merely duplicates the arguments of the WARN Act violation

18  because the two claims arise out of the same mass layoff.

19         The Court held a hearing to consider the Motion for

20  Class Certification on October 8, 2021.  The Court initially

21  intended to rule on the Motion for Class Certification but GDC

22  filed a Motion for Continuance at ECF Number 46.  The Court set

23  the matter for argument on the same day.  GDC's primary

24  argument in support of continuing the class certification

25  ruling was that GDC should be allowed another round of briefing

8

1    on the Motion for Class Certification after Stringham filed an

2    Amended Complaint.  Stringham conversely posited that another

3    round of briefing is not required before the class

4    certification and the class certification at present would

5    bring GDC more security because any subsequent decision on the

6    forthcoming Amended Complaint would bind all class members.

7    The Court denied the Motion for Continuance on the record.

8         GDC further argued the evidence that Stringham

9    presented in her Motion for Class Certification and her

10   Declaration attached thereto as Exhibit A, the Stringham

11   Declaration, was insufficient to certify the class.  GDC

12   contends the Court must find each Rule 23 requirement from

13   admissible evidence by a preponderance after conducting a

14   rigorous analysis.  GDC posited that the Stringham Declaration

15   only included two sentences in support of the class

16   certification with respect to the breach of contract claim:

17        At Paragraph 13:  "At the time of my termination I

18   did not receive from Defendant the paid time off I was owed."

19        At Paragraph 14:  "To the best of my knowledge the

20   other former employees of Defendant also did not receive the

21   accrued vacation time they were owed."

22        The Declaration therefore allegedly did not present

23   sufficient evidence to support a Rule 23 finding.  GDC also

24   stressed the decision to certify must be made on a claim-by-

25   claim basis and that Stringham could not piggyback her breach

9

1   of contract claim onto a <u>WARN Act</u> claim to satisfy its

2   evidentiary burden.

3         Stringham argued that all relevant evidence the Court

4   needs to certify the class for both claims in already in the

5   record.  Stringham stressed that her then forthcoming Amended

6   Complaint would plead the existence of a valid contract under a

7   better articulated legal theory based GDC's Employment Manual

8   and its Statement of Employee, so it would contain no new

9   facts.  Stringham also argued that the Court could look to the

10  pleadings to determine if a class certification is appropriate.

11        After hearing the arguments the Court asked the

12  parties to submit post-hearing briefing on (1) what materials

13  the Court consider; and (2) what's the standard of evidence

14  applied.

15        Stringham filed her Second Amended Class Action and

16  Adversary Proceeding Complaint for Violation of <u>WARN Act</u> and

17  Breach of Contract on -- it's at ECF Number 55, on October 19,

18  2021.

19        On October 20 of 2021 GDC filed Defendant

20  GDC Technics, LLC's Post-Hearing Brief on Class Certification

21  Question, the GDC Brief, at ECF Number 56.  GDC's Brief

22  reiterates the arguments it made at the hearing, continues to

23  argue that the evidence fails to establish the predominance

24  common issue of breach of contract claim and reiterates its

25  Manual cannot be a contract as a matter of law, despite the

1    Court's earlier ruling.

2           Stringham filed her Plaintiff's Supplemental Brief in

3    Support of the Motion for Class Certification, the Stringham

4    Brief, at ECF Number 57 on the same day.  Stringham's Brief

5    first clarified that the question is not whether GDC breached

6    the class members' PTO contract, but rather whether there

7    exists common evidence to answer a common question.  This is at

8    Page 2 of the Brief.  Stringham argues there is no Fifth

9    Circuit precedent which establishes a minimum quantum of

10   evidence to certify a class and that what material the Court

11   can and should consider depends on the complexity of the issue.

12   Stringham concedes that the Fifth Circuit does sometimes

13   require heightened evidentiary findings, but only in complex

14   access, such as the ones involving security claims.  This is at

15   Pages 2 through 3.

16          Contending that the -- I meant complex cases.

17          Contending that the breach of contract claim is

18   straightforward, Stringham reiterates arguments from her Motion

19   for Class Certification explaining why Rule 23 requirements are

20   satisfied.  Stringham states the Court may consider the

21   pleadings, Ms. Stringham's Declaration, and the record evidence

22   to certify the class.  And this is on the Brief at Page 7.

23          Before ruling on the Motion for Class Certification

24   the Court must determine what quantum of evidence Rule 23

25   requires for class certification.  Though GDC contends that

21-50286-25g08001-64j Filed 3/08/21 Filed 10/28/21 Entered 2012/03/25 13:44:57 Desc 11 of
Appendix and Exhibits    Page 36 of 69

11

1    Stringham must prove each of the Rule 23 requirements by a

2    preponderance of the evidence, the Court is aware of no law

3    establishing a preponderance standard.

4           Finding no established preponderance precedent is not

5    to say there's no threshold of evidence required.  Rule 23 does

6    not set forth a mere pleading standard, but rather demands a

7    rigorous analysis.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.

8    338, 350 through 51 (2011).  The party seeking certification

9    must affirmatively demonstrate his compliance with the Rule,

10   that is, he must be prepared to prove that there are in fact

11   sufficiently numerous parties, common questions of fact or law.

12   This is at *Flecha v. Medicredit, Inc.*, 946 F.3d 762 (5th Cir.)

13   (citing *Dukes*, 564 U.S. at 350).  Rigorous review requires

14   specific reference to the claims, defenses, relevant facts, and

15   applicable substantive law raised by the class claim.

16   *Chavez v. Plan Benefit Services, Inc.*, 957 F.3d 542, 547

17   (5th Cir. 2020).  The Court must consider how a trial on the

18   merits would be conducted if a class were certified.  This is

19   taken from *Prantil v. Arkema (A-r-k-e-m-a) Inc.*, 986 F.3rd 570,

20   574 (5th Cir. 2021).

21          This Court understands caselaw on the rigorous

22   analysis to require some proof, but certainly not proof by a

23   preponderance.  Indeed, the Court finds it illogical that a

24   putative class representative would need to present a certain

25   quantum of evidence before conducting discovery.  What the

21-50286-25-80001-64j   Document 1398-21   Filed 10/30/25   Entered 10/30/25 13:44:57   Desc
Appendix and Exhibits   Page 37 of 69

12

1   Supreme Court requires is that the Court must be satisfied that

2   Plaintiff is "prepared to prove" the Rule 23 requirements, not

3   that she can produce evidence to satisfy the Court on the

4   merits of her claims right now.  *Flecha*, 946 F.3d at 767

5   (5th Cir. 2020) (citing *Dukes*, 564 U.S. at 350).

6          The next issue is what materials the Court may

7   consider when signing to certify a class.  At the October 13,

8   2021, hearing GDC contended -- or conceded that the Court may

9   consider the pleadings.  Stringham agreed.  GDC's Brief,

10  however, insisted the Court "must probe beyond the pleadings

11  and look at the evidentiary support" to make a class

12  certification determination.  ECF Number 56 at Page 2.  GDC

13  contends that in the Fifth Circuit "the class certification

14  inquiry must be made on adequate admissible evidence to justify

15  the class certification."  ECF 56 at Page 2.

16         Both parties are correct that the Court may consider

17  the pleadings.  As explained previously, the Fifth Circuit

18  requires the Court to make specific reference to the claims,

19  defenses, relevant facts, and applicable substantive law raised

20  by the class of claims.  *Chavez*, 957 F.3d at 547.  Reference to

21  the claims and defenses certainly authorizes considering the

22  pleadings.  Reference to the relevant facts similarly

23  authorizes considering exhibits attached to the pleadings and

24  the record generally.

25         GDC is wrong that the Court must limit its review to

13

1    admissible evidence.  GDC supports this contention by citing

2    *Prantil v. Arkema*, 986 F.3rd at 575, and *Unger v. Amedisys*

3    *(I'll just spell it, A-m-e-d-i-s-y-s) Inc.*, 401 5th Cir. --

4    401 F.3d (excuse me) 316, 319 (5th Cir. 2005).  While *Prantil*

5    does say that "class certification inquiry must be based on

6    adequate admissible evidence to justify certification," this

7    quote must be read in the context of the issue presented in

8    that case.  The question before the Fifth Circuit was "whether

9    cementing of relationships among proffered class members of

10   liability or damages or both turns on scientific evidence

11   should we insist that the metric of admissibility be the same

12   for certification and trial."  The holding in the next sentence

13   reads "We answer the question in the affirmative; the *Daubert*

14   hurdle must be cleared when scientific evidence is relevant to

15   the decision to certify."  This is taken on the same page of

16   *Prantil*.

17        All three cases cited by the Fifth Circuit to support

18   its conclusion, *Dukes*, 564 U.S. 338, *Comcast Corporation v.*

19   *Behrend*, 569 U.S. 27, and *In re Blood Reagents Antitrust*

20   *Litigation*, 783 F.3d 183 (3d Cir. 2015), also involve

21   considering scientific evidence at the class certification

22   stage.  The issue presented holding in the cases cited suggest

23   that the admissibility requirement is only applicable when the

24   plaintiffs suggest scientific evidence to support class

25   certification.  Again, requiring the putative class

1    representative could be required to produce admissible

2    evidence, a weight or attack to any evidence before conducting

3    discovery confounds the Court.  The Court therefore concludes

4    that it may consult the pleadings, exhibits, and record

5    evidence when determining whether to certify a class and that

6    such material need not be admissible unless it is scientific

7    evidence.

8            The Court recognizes that the amended pleadings and

9    class certification stages overlap in this case.  While the

10   Motion for Class Certification references Stringham's First

11   Amended Class Action Adversary Complaint and Breach of

12   Contract, ECF Numbers 6 and 7, the operative Complaint is the

13   Second Amended Complaint.  Moreover, GDC's Manual and Statement

14   of Employee are attached to Defendant GDC Technics, LLC's

15   Partial Motion to Dismiss First Amended Class Adversary

16   Complaint at ECF Number 10, which the Court denied at ECF

17   Number 45.  The Stringham Declaration is attached to the Motion

18   for Certification.  The Court clarified that it will consider

19   the entire record in determining whether Stringham has carried

20   a Rule 23 burden.

21           Federal Rule of Civil Procedure 23 applies

22   automatically to adversary proceedings in Bankruptcy Court.

23   *In re TWL Corporation*, 712 F.3d 886, 892 (5th Cir. 2013).  To

24   maintain a class action the Plaintiff must satisfy all four

25   requirements of Rule 23(a) and one of the three options allowed

1    by Rule 23(b).  The Rule 23 requirements are that the class is

2    numerous, there are common questions of law and fact, claims

3    and defenses of the representatives are typical of the class

4    and defenses of the class, and the representatives will fairly

5    and adequately represent the interests of the class.

6         Here Stringham seeks class certification under

7    Rule 23(b)(3).  Rule 23(b)(3) allows admittance of a class

8    action if the questions of law or fact common to the class

9    predominate over individual issues and if the class action is

10   superior to other available methods for fairly and efficiently

11   adjudicating the controversy.

12        Rule 23(c)(2)(B) further requires that classes

13   certified under Rule 23(b)(3) receive the "best notice

14   practicable under the circumstances, including individual

15   service to all members who can be identified through a

16   reasonable effort."  Notice may be accomplished through U.S.

17   mail, electronic means, or other appropriate methods.  Federal

18   Rule of Civil Procedure 23(c)(2)(B).  The notice must in plain

19   language explain the nature of the class action, inform the

20   putative member how to opt out of the class, and describe that

21   class members may be bound by the class members, among other

22   requirements.  See Federal Rule of Civil Procedure 23(c)(2)(B).

23        The Court must also appoint class counsel.  Federal

24   Rule of Civil Procedure 23(g).  Class counsel has a duty to

25   represent the class interests fairly and adequately.

16

1    Rule 23(g)(4).  When appointing class counsel the Court must

2    "consider" -- excuse me -- must consider "the work counsel has

3    done in identifying or investigating potential claims in the

4    action; counsel's experience in handling class actions, other

5    complex litigation, and the types of claims asserted in the

6    action; counsel's knowledge of the applicable law; and the

7    resources that counsel will commit to representing the class.

8    This is Rule 23(g)(1)(A).  Rule 23(g)(1) provides other factors

9    the Court may consider.

10            The Court makes the following factual findings and

11   conclusions of law with respect to the Rule 23 requirements:

12            Rule 23(a)

13            Rule 23(a) has four requirements:  numerosity,

14   commonality, typicality, and adequacy of representation.  The

15   Court finds that Stringham has alleged enough facts to satisfy

16   Rule 23(a).

17            Numerosity

18            Rule 23(a)(1) requires that the putative class be so

19   numerous that joinder of all members is impracticable.  A

20   putative class of more than 40 members raises the presumption

21   of impracticability in the Fifth Circuit.  *Mullen v. Treasure

22   Chest Casino*, 186 F.3rd 620, 624 (5th Cir. 1999.)  While

23   *Mullen*'s more than 40 members rule is a helpful guide, Courts

24   must also consider other factors in determining whether joinder

25   is impracticable, not members alone.  *Ziedman v. J. Ray*

APP. 039

17

1   *McDermott and Company*, 651 F.2d 1030, 1038 (5th Cir. 1981.)

2   These factors include the interest of judicial economy, whether

3   the class involves small individual claims, the geographic

4   disbursement of putative class members, and the ease with which

5   class members may be identified.

6       Certain numerosity considerations carry significant

7   weight in the bankruptcy context.  Because the claims process

8   is designed to handle many creditors, even larger putative

9   classes in bankruptcy adversaries may not be sufficiently

10  numerous to make joinder impracticable.  *In re TWL Corporation*,

11  712 F.3d at 895.  The smaller the individual claim, the more

12  appropriate the class action.  *In re Rodriguez*, 432 B.R. 671,

13  693 (S.D. Bankr. 2010).

14      Here joinder of all putative class members is

15  impracticable for each claim.  GDC employed approximately 250

16  employees.  Some worked and probably resided in the Northern

17  District of Texas.  Others worked and probably resided in the

18  Western District of Texas.  Moreover, who the members are and

19  in which District they reside should be readily ascertainable

20  from a review of GDC's employment records.  These facts

21  militate towards finding numerosity as to both the WARN Act and

22  breach of contract claims.

23      Bankruptcy specific considerations also involve

24  finding that the class is sufficiently numerous.  The 250-

25  member putative class here is more than six times larger than

21-05086-25g080001-64j Filed 13/08/21 Entered 10/25/18/21 12:2012:3012:13:44:57 Document Desc18 of
Appendix and Exhibits    Page 43 of 69

18

1   the class size presumption established in *Mullen*.  The Court

2   notes that the WARN Act claims by definition only apply to

3   actions of an employer that terminate a large flock of

4   employees.  28 U.S.C. Section 2101.

5           Furthermore, each putative class member's claim under

6   either cause of action is also relatively small.  For the

7   WARN Act claim a successful class member would recover up

8   60 days wages and benefits.  Similarly, under the breach of

9   contract claim a successful class member would recover accrued

10  and paid time off, PTO, compensation.  While the record

11  evidence does not establish each putative class member's wages

12  and benefits, the value of the maximum of 60 days wages and

13  benefits for plant workers is likely relatively low.

14          Stringham alleges, for example, that her WARN Act

15  wage damages are 11,600.  This is at ECF Number 20 at Page 3.

16  Likewise, because all the terminated employees accrued no more

17  than 15 to 18 days annual PTO based on their time with GDC's

18  credited pro-rata for each pay period of paid employment,

19  ECF Number 10 at 14, the value of the PTO compensation for each

20  putative class member is likely relatively low.

21          For these reasons the Court finds that the putative

22  class satisfies Rule 23(a)(1)'s numerosity requirements for

23  both the WARN Act and breach of contract claims.

24          Commonality

25          Rule 23(a)(2) requires questions of law or fact

19

1   common to the class.  Commonality presents a low threshold to a

2   putative class.  *Gene and Gene LLC v. BIOPAY LLC*, 541 F.3d 318,

3   325 (5th Cir. 2008).  The Plaintiff only needs to show that

4   "there is at least one issue whose resolution will affect all

5   or a significant number of the putative class members."

6   *Doiron v. Conseco Health Insurance Company*, 279 Fed.Appx. 313,

7   316 (5th Cir. 2008).  I will first discuss the questions of law

8   common to all class members and then the questions of fact also

9   common to class members.

10          Common Questions of Law

11          If this case were to continue to trial, both the

12   WARN Act and breach of contract claims would present common

13   questions of law.  The WARN Act protects workers by requiring

14   employers of a hundred or more employees to provide at least

15   60 days written notice of a mass layoff or plant closing which

16   affects 50 or more employees at the closing employment

17   location.  29 U.S.C. Section 14 -- excuse me -- 2101 *et seq*.

18   Prosecuting a WARN Act claim would present the following

19   questions:

20          (1)  Whether GDC employed more than a hundred

21   workers;

22          (2)  Whether all the class members were protected by

23   the WARN Act;

24          (3)  Whether the class members were employees of GDC;

25          (4)  Whether GDC discharged the class members in

20

1    connection with a mass layoff or plant closing or as a

2    reasonably foreseeable result thereof;

3              (5)   Whether the class members were affected

4    employees, as defined by the WARN Act;

5              (6)   Whether GDC terminated the employees without

6    giving them at least 60 days prior written notice; and

7              (7)   Whether GDC failed to pay the class members 60

8    days wages and benefits.

9          The breach of contract claim will also present

10   questions common to the entire class.  These include:

11             (1)   Whether the Manual and Statement of Employee

12   created a contract for PTO;

13             (2)   Whether each class member was bound by the

14   contract;

15             (3)   Whether the terms of any existing contract for

16   PTO provides -- excuse me -- what the terms of any existing

17   contract for PTO provides;

18             (4)   Whether GDC breached the contract by not paying

19   PTO compensation upon termination; and

20             (5)   Whether PTO compensation damages, if any, GDC

21   owed.

22         Each class member must address and prevail on each of

23   these questions to recover their 60-day wages and benefits or

24   their PTO compensation, so the questions are common class wide

25   for both claims.

21

1            Common Questions of Fact

2            Moreover, the facts that will determine the answer to

3    these questions are class wide.  Whether GDC in its termination

4    triggered WARN Act protection can be answered by GDC's

5    employment records.  The answer contained in the employment

6    records will either establish or fail to establish WARN Act

7    elements for all employees.

8            Stringham alleges GDC terminated all the putative

9    class members at the same time, ECF Number 55 at 3, and GDC has

10   yet to deny or otherwise challenge this allegation.

11           Lastly, whether the putative class members were paid

12   60 days wages and benefits can be established by reviewing the

13   GDC's payroll records.

14           The breach of contract claim is similar.  Whether a

15   valid contract exists for PTO can be gleaned from inspecting

16   the Manual and the Statement of Employee.  The Manual sections

17   titled PTO Paid Time Off, ECF Number 10 at 14 through 16, and

18   Leaving GDC, ECF Number 10 at Pages 17 through 18, are

19   particularly instructive.  The Statement of Employee itself

20   requires each employee "to initial each paragraph and sign the

21   sheet in the space provided and return as directed upon

22   receipt."  ECF Number 10 at Page 19.  By its own terms,

23   therefore, the Statement of Employee provides class wide proof

24   of receipt and assent to any existing contract.  This fact may

25   be bolstered by review of GDC's employment records.  How much

APP. 044

1  PTO compensation, if any, each employee is entitled to can be

2  determined by reviewing the Manual and GDC's employment

3  records.

4         Therefore, the Court finds that there are several

5  questions of fact -- excuse me -- questions of law and fact

6  common to the class, satisfying Rule 23(a)(2).

7         Typicality

8         Rule 23(a)(3)'s typicality prong requires that

9  each -- that the claims or defenses of the representative

10  parties are typical of the claims or defenses of the class.

11  The claims or defenses must arise from the same event,

12  practice, or course of conduct and may be based on the same

13  legal theory even if there are some factual distinctions.

14  *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001)

15  (citing *Mullen*, 186 F.2d at 626).  The claims or defenses are

16  typical if they have the "same essential characteristics."

17  *James*, 254 F.3d at 571.

18         Stringham complains that GDC's conduct injured both

19  her and the putative class members at the same time in the same

20  way.  With respect to the WARN Act claim, she asserts that she

21  was terminated without 60 days advance notice because GDC

22  closed its Fort Worth, Texas and Port San Antonio, Texas

23  facilities.  ECF Number 55 at Page 3.  She further alleges that

24  neither she nor the putative class members received 60 days

25  wages.

1    Stringham also advances the same legal theory on

2    behalf of herself as a putative class member for the breach of

3    contract, that the Manual and Statement of Employee created

4    express contracts for PTO compensation and that GDC breached by

5    not paying PTO compensation upon their involuntary termination.

6    Should the Court determine that a valid contract for PTO

7    compensation existed and that GDC breached it, Stringham's

8    injury is typical of the class because GDC allegedly paid

9    neither Tringham -- Stringham, excuse me, nor the class PTO

10   compensation.

11       GDC's Response argues that an implied breach of

12   contract theory would not satisfy the typicality requirement

13   because adjudication would require analysis of each employee's

14   understanding of the policy and what it guaranteed them.

15   ECF Number 38 at Pages 5 through 7.  While that may be true,

16   neither the First Amended Complaint nor the Second Amended

17   Complaint pleads an implied breach of contract.  The Court will

18   not address Rule 23's applicability to claims not plead.

19       Therefore, Stringham's legal theories of breached

20   claim are the same as theories advanced on behalf of the class.

21   The injury she allegedly suffered under each claim is the same

22   kind as the class members' injuries.  The only slight

23   difference presented is what amount of wages, benefits, and PTO

24   compensation allegedly owed to each putative class member, but

25   some factual distinctions do not defeat the typicality

21-05085-cag Doc 8001-64 Filed 03/08/21 Entered 06/30/25 12:20:30 Main Document Pg 24 of
Appendix and Exhibits    Page 49 of 69

24

1    requirement under *James*, 254 F.3d at 571.  Therefore,

2    Stringham's class is typical of the other class member claims.

3                    Adequacy of Representation

4              Rule 23(a)(4) lastly requires the representative to

5    fairly and adequately protect the class interests.

6    Representatives must not hold an interest adverse to the class.

7    This is taken from *10 Collier*, Paragraph 7023.024.  Moreover,

8    representatives must possess a sufficient level of knowledge

9    and understanding to be capable of controlling or prosecuting

10   the litigation but do not need to be lawyers.  *Berger v. Compaq*

11   *Computer Company*, 257 F.3d 475, 482 through 83 (5th Cir. 2001).

12             The Stringham Declaration claims she has no conflict

13   of interest.  She is "eager and willing" to prosecute on behalf

14   of the class and she hired class counsel.  ECF Number 20 at

15   Page 37.

16             The Court finds that Stringham is an adequate class

17   representative.  As such, the Court concludes that Stringham

18   has met her burden on all four elements of Rule 23(a).

19                    Rule 23(b)(3)

20             In addition to satisfying the Rule 23(a)

21   requirements, the proposed class must also satisfy the

22   requirements of Rule 23(b)(1), (2), or (3).  *In re Wilborn*,

23   609 F.3d 748, 755 (5th Cir. 2010).  Here Stringham asserts the

24   putative class satisfies the two prongs of Rule 23(b)(3):

25   (1) questions of law or fact common to class members

25

1  predominate over any questions affecting only individual

2  members; and (2) that a class action is superior to other

3  available methods for fairly and efficiently adjudicating the

4  controversy.

5         Predominance

6         The predominance inquiry is similar to, but more

7  demanding, of Rule 23(a)(1)'s commonality analysis.

8  *Maldonado v. Ochsner Clinic Foundation*, 493 F.3d 521, 525

9  (5th Cir. 2007).  Predominance requires assessing how the

10 substantive issues will be tried on the merits, determining

11 which will predominate, and then determining if those issues

12 are common to the class.  *In re Wilborn*, 609 F.3d at 755.  A

13 predominance inquiry "asks whether the common aggregation-

14 enabling issues in the case are more prevalent or important

15 than the non-common aggregation-defeating individual issues."

16 *Tyson Foods, Inc. v. (I'm going to spell it)*

17 *B-o-u-a-p-h-a-k-e-o*, 557 U.S. 442, 453 (2016).  Differing

18 damages or some affirmative defenses to cure some individual

19 class members do not defeat predominance.  As explained when

20 assessing commonality, at least a dozen of common questions

21 will be answered by common evidence for both claims if this

22 class case were to proceed to trial.

23        GDC only complains of one individualized issue to

24 defeat predominance.  GDC contends that it will successfully

25 assert the defenses of offset and unclean hands as to

26

1    Stringham's personal breach of contract claim based upon her

2    personal time record irregularities.  ECF Number 38 at 7.

3    GDC importantly does not assert that any other employee has

4    irregular timecards, despite controlling employment and time

5    records.  GDC's Response does not claim individualized issues

6    defeat predominance with respect to the WARN Act claim.

7            GDC's efforts are futile because affirmative defenses

8    unique to Stringham do not defeat predominance.  Therefore, the

9    Court finds the common issues predominate.

10            Superiority

11            To determine whether a class action is the superior

12    method of adjudication the Court considers:

13            (A)  The class members' interests in individually

14    controlling the prosecution or defense of separate actions;

15            (B)  The extent and nature of any litigation

16    concerning the controversy already begun by or against class

17    members;

18            (C)  The desirability or undesirability of

19    concentrating the litigation of the classes in a particular

20    forum; and

21            (D)  The likely difficulties in managing a class

22    action.

23            Federal Rule of Civil Procedure Rule 23(b).

24            Another important consideration is whether other

25    methods are economically impossible to pursue on an individual

27

1    basis.  *10 Collier*, Paragraph 7023.03, Subpart 3.

2         A superiority analysis inherently requires

3    comparison.  *In re TWL Corporation*, 712 F.3d at 895.

4         In bankruptcy comparison of a class action in the

5    normal claims process is particularly important.  This is taken

6    from *TWL Corporation* at 896.  A Bankruptcy Court should

7    consider the cost to the debtor's estate of a class adversary

8    proceeding simply because the expense of adjudicating the

9    controversy via a class action depletes the debtor's assets.

10   Potential depletion of assets is a particularly important

11   consideration in a Chapter 7 bankruptcy where insufficient

12   assets exist to pay existing creditors.  Additionally, a

13   Bankruptcy Court should consider the availability and ease of

14   the proof of claim process when determining whether a class

15   adversary proceeding is a superior method for fairly and

16   efficiently adjudicating a controversy.

17        Here the Court already confirmed GDC's Plan of

18   Reorganization in the lead Chapter 11 bankruptcy case.  Though

19   the bar date has passed so the putative class members could not

20   file proofs of claim, the confirmed Plan accounts for the

21   possibility that the class may be confirmed and may prevail

22   against GDC.  Bankruptcy ECF Number 460 at Pages 10 through 11.

23   As such, the traditional bankruptcy proofs of claim process is

24   inferior to this class action.

25        Moreover, as Stringham repeats through her Motion for

28

 1  Class Certification, if this class were not certified the

 2  putative members would be forced to choose whether to bring

 3  their "negative value" suits as individual adversary

 4  proceedings.  A negative value suit is one where the costs of

 5  litigation outweigh any likely recovery.  The Court agrees

 6  based upon the reasons expressed in the numerosity's 23(a)(1)

 7  section that the individual claims are for relatively small

 8  dollar amounts.  This too militates against -- militates

 9  towards superiority.

10          Because new claims are barred, the confirmed Plan

11  contemplates potential class recovery, and the individual class

12  members hold relatively low value claims, the Court finds that

13  this class action adversary is superior to the other methods of

14  litigation.

15          Therefore, the Court finds that Stringham established

16  predominance and superiority under Rule 23(b).  Because she

17  also satisfied Rule 23(a)'s four requirements, the Court will

18  certify the class.

19          Class Notice

20          Notice for a class certified under Rule 23(b)(3) must

21  be the best notice practicable under the circumstances.

22  Rule 23(c)(3)(B) requires the notice sent to class members to

23  state in concise plainly understood language:  the nature of

24  the action; the definition of the class certified; the class

25  claims, issues, or defenses; that a class member may enter an

**APP. 051**

 1    appearance through an attorney if the member so desires; that

 2    the Court will exclude from the class any member who requests

 3    exclusion; the time and manner for requesting exclusion; and

 4    the binding effect of a class judgment on members under

 5    Rule 23(c)(3).

 6            Individual notice must be sent to all class members

 7    who can be identified through a reasonable effort.  Notice may

 8    be accomplished through U.S. mail, electronic means, or other

 9    appropriate methods.  Rule 23(c)(2)(B).

10            Here the Court finds that the proposed notice at

11    ECF Number 20-4 meets these requirements.  The proposed notice

12    will be sent by first class mail with prepaid postage to each

13    putative member's last known address.  ECF Number 20 at

14    Page 30.

15            The section described in the class claim reads in

16    pertinent part:

17            The Plaintiff claims that under the WARN Act she and

18    the other employees were entitled to receive written notice at

19    least 60 days in advance of their termination and that they did

20    not receive such adequate notice.  The Plaintiff claims that as

21    a result of Defendant's failure to give the required notice she

22    and the other employees terminated during this period are

23    entitled to award of 60 days wages and benefits.  Plaintiff

24    also claims that she and the other class members are owed

25    unpaid personal time off, PTO, wages under Texas Common Law.

1  The Plaintiff claims the Defendant is therefore liable to her

2  and the class members for violating the WARN Act and failure to

3  pay wages under Texas law.

4         This language is plain enough for the putative class

5  members to understand the nature of the action.

6         The section defining the class reads:

7         "The Court has recently certified this case as a

8          class action and defined the class as Plaintiff and

9          all other similarly situated former employees who

10         worked or reported at one of the Defendant's

11         facilities who were terminated without cause on or

12         before on or about April 9, 2021, and within 30 days

13         of that date, or that were terminated without cause

14         as a reasonably foreseeable consequence of the mass

15         layoffs and/or plant closings ordered by Defendant on

16         or about April 9, 2021, who are affected employees

17         within the meaning of 29 U.S.C. Section 2101(a)(5)

18         and (6) and who have -- (a)(5) (excuse me) who have

19         not filed a timely request to opt out of this class."

20        This language clearly defines the class and enables

21 recipients to decide whether they think they are part of the

22 class described.

23        The notice states that the Defendant has not filed an

24 answer to the Complaint so there are currently no -- currently

25 any defenses to describe the class as required by Subsection

31

1  (iii).

2         Lastly, the Court finds that the section titled What

3  To Do meets the requirements of Sections (iv) through (vii).

4  The proposed notice informs putative class members that they

5  may appear through an attorney, that they may be excluded from

6  the class, and the process for exclusion.  The proposed notice

7  informs putative class members of the binding effect of a

8  judgment.

9         Though the proposed notice does not include a

10 specific date by which class members must opt out, it includes

11 a fill-in blank spot in anticipation of such deadline.  The

12 Court will provide this date after the oral ruling.

13        Therefore, the Court finds that the proposed notice

14 is sufficient.

15        Under Rule 23(g) the Court that certifies a class

16 must appoint class counsel.  Rule 23(g)(1)(A) provides that the

17 Court must consider the work counsel has done in identifying

18 and investigating the claims in this action, counsel's

19 experience in handling class actions or other complex

20 litigation and the types of claims asserted in this action,

21 counsel's knowledge of applicable law, and the resources

22 counsel will commit to representing the class.  Class counsel

23 must fairly and adequately represent the interests of the

24 class.  Rule 23(g)(4).

25        The Court will approve Raisner -- and I'm going to

32

1   mispronounce the name -- is it Roupian?

2           **THE CLERK:**  Roupinian.

3           **THE COURT:**  -- Roupinian -- thank you -- LLP as class

4   counsel.  Rene Roupinian's Declaration states that the firm has

5   "investigated the facts, interviewed multiple former employees,

6   researched the relevant law, and otherwise evaluated the

7   potential WARN claim."  ECF Number 20-3 at Page 45.  The firm

8   has monitored the bankruptcy case and obtained a seat for

9   Stringham on the Official Committee of Unsecured Creditors.

10  Ms. Roupinian's Declaration states that she -- that her firm is

11  "solely dedicated to representing the affected mass layoff from

12  shutdown."  This is at Page 46.  This claim is buttressed by

13  the citation of numerous WARN Act cases the firm has litigated

14  over the last 15 years, including ones in the bankruptcy

15  context.  Therefore, the Court will approve Raisner

16  Roupinian LLP as class counsel.

17          In short, this class action is appropriate for class

18  certification.  The Second Amended Complaint and the Motion for

19  Class Certification allege nearly 250 people were laid off on

20  the same day by the same company for the same reason without

21  notice and without payment of wages and benefits.  These same

22  people were subject to the same employment manual that

23  allegedly promised PTO compensation and when the employees were

24  terminated they were not paid their PTO compensation.

25          Therefore, for the reasons stated on the record the

33

1   Court will certify the class, approve the notice, and allow

2   Raisner Roupinian LLP to serve as class counsel.  It is

3   therefore ordered that the Plaintiff's Motion for Class

4   Certification and Related Relief, ECF Number 20, is granted.

5           It is further ordered that the WARN Act claim

6   described in the Motion for Class Certification is granted.

7           It is further ordered that the breach of contract

8   class described in the Motion for Class Certification is

9   granted.

10          It is further ordered that Raisner Roupinian LLP is

11  appointed as class counsel.

12          It is further ordered that Plaintiff Kingslea

13  Stringham is appointed as class representative for the WARN Act

14  claim.

15          It is further ordered that Plaintiff Kingslea

16  Stringham is appointed as class representative for the breach

17  of contract claim.

18          It is further ordered that the proposed notice is

19  approved.

20          And that will conclude the ruling of the Court.  I'm

21  sorry that took a little bit longer than I thought.

22          So, Ms. Roupinian, or one of the Mr. Raisners, I

23  think at this point in time, given the Court's ruling, I'll

24  probably just need a simple Order that recites that based --

25  for the reasons stated on the record, that the Court has

34

1   granted the Motion for Class Certification.

2           I know that you need to send out a separate notice

3   and in terms of deadlines and hearing dates may I simply ask

4   that you get together with my courtroom deputy, Ms. Elizondo,

5   who's available both by phone and email, to get those dates,

6   please.

7           **MR. ISAAC RAISNER:**  Yes, of course, Your Honor.

8           **THE COURT:**  All right.  Is there anything else

9   before --

10          **MR. ISAAC RAISNER:**  This is Isaac Raisner.

11          **THE COURT:**  All right.  Forgive me.  Is there

12  anything else before I excuse the parties?

13          **MS. ROUPINIAN:**  Not from Plaintiff, Your Honor.

14          **THE COURT:**  All right, thank --

15          **MS. ROUPINIAN:**  Thank you.

16          **THE COURT:**  Thank you.

17          All right.  So, the Motion is granted.  A form of

18  Order -- wait, hang on.  Don't leave.  Ms. Elizondo is catching

19  my attention.

20          I'm going to apologize to you all.  It's a rare day

21  where my email literally blows up on my computer, but with a

22  complete lack of humility I was appointed Chief Judge of our

23  District today and I've received about a hundred congratulatory

24  emails and it was a little bit distracting as I read through

25  this very well written oral ruling that my law clerk prepared.

35

1    So, my apologies to you.

2            One moment, please.  Let's see.  So, don't leave yet.

3            Oh, one other thing, and I do need the input of both

4    Plaintiff's and Defendant's counsel.  You all may recall some

5    time ago that you all filed the Agreed Scheduling Order Motion,

6    which the Court would be prepared to approve, but there's not

7    been an answer to the Second Amended Complaint.  So, I just

8    wanted to caution you all that the reason that we have not

9    acted on that is we generally don't issue a scheduling order

10   until an answer is filed.  So, that's the reason for that.  We

11   haven't forgotten about it, but we wanted to alert you to the

12   fact that an answer's not been filed in this case and that's

13   why we haven't issued -- signed the Order.

14           So, I just wanted to let you all know about that,

15   okay?

16       **(Counsel thank the Court)**

17       **THE COURT:**  Can I ask the Defendant, are you all

18   going to file an answer within time or are you going to resort

19   to other --

20       **MS. JONES:**  Yes.

21       **THE COURT:**  You are going to file an answer at this

22   point in time?

23       **MS. JONES:**  I believe so, but our deadline is Tuesday

24   so we'll be prepared to make that filing on Tuesday.

25       **THE COURT:**  That's fine.  I'm not making you commit.

36

1  That's your choice, Ms. Jones.  But if you do file an answer,

2  what the Court will then do -- and this is my question to you

3  all, the last question I think.  Does that Agreed Scheduling

4  Order still work, the time parameters therein, based upon

5  there's been a little bit of a delay in entering it?

6        I'll ask Plaintiff's counsel first.  Do you think

7  those deadlines are still appropriate?

8        **MS. ROUPINIAN:**  I believe so, Your Honor.  I think

9  maybe we'll take a look at it one more time and confer with

10  Ms. Jones.

11       **THE COURT:**  Thank you.  That's exactly what I was

12  going to ask you to do.

13       So, assuming an answer is filed and not another

14  Rule 12 motion, would you coordinate with Ms. Jones and then

15  let Ms. Elizondo know whether or not that form of Order is

16  sufficient or if you need to upload a new one.  Okay?

17       **MS. ROUPINIAN:**  Yes.  Thank you.

18       **THE COURT:**  All right.  So again for the record, the

19  Motion is granted.  I'm asking Plaintiff's counsel to prepare a

20  simple Order that says for the reasons stated on the record

21  that the Motion is granted.  I've also asked Plaintiff's

22  counsel to get together with Ms. Elizondo regarding dates

23  setting a hearing in the future regarding the final hearing on

24  certification and also the notices out to class members.  And

25  then finally, I'll ask parties to confer about the Agreed

37

1   Scheduling Order and whether a new one needs to be uploaded.

2            All right, thank you, ladies and gentlemen.  It was a

3   long ruling, but it needed to be made.  You all are excused.

4   Be safe and be well.

5            **UNIDENTIFIED SPEAKER:**  Thank you, Chief Judge.

6            **THE COURT:**  You're welcome.

7            **MS. ROUPINIAN:**  Thank you, Chief Judge.

8   Congratulations.

9            **THE COURT:**  Well, thank you.  Thank you I think.

10           All right, we're off the record.

11       **(This proceeding was adjourned at 11:18 a.m.)**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION


      I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceedings in the
above-entitled matter.


_____          <u>November 8, 2021</u>

        Signed                              Dated


                *TONI HUDSON, TRANSCRIBER*

# UNITED STATES BANKRUPTCY COURT
## Western District of Texas
## San Antonio Division

Bankruptcy Case No.: 21−50484−cag

Chapter No.: 11

IN RE: **GDC Technics, LLC** , Debtor(s)

Adversary Proceeding No.: 21−05035−cag

Judge: Craig A. Gargotta

**Kingslea Stringham**
Plaintiff

v.

**GDC Technics, LLC**
Defendant

## NOTICE OF FILING OF TRANSCRIPT
## AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION

A transcript of the proceeding held on **10/29/21** was filed on **11/8/21**. The following deadlines apply:

The parties have until **November 15, 2021** to file with the court a *Notice of Intent to Request Redaction* of this transcript. The deadline for filing a *request for redaction* is **November 29, 2021**.

If a request for redaction is filed, the redacted transcript is due **December 9, 2021**.

If no such notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is **February 7, 2022** unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber **Toni Hudson Of Exceptional Reporting Services, Inc. (361) 949−2988**, or you may view the document at the clerk's office public terminal.

Dated: 11/9/21

Barry D. Knight
Clerk, U. S. Bankruptcy Court
BY: Daniel Paez

[Notice of Filing of Transcript (AP)] [NtcftddlrrAPap]

**APP. 062**

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re:<br><br>TWL CORPORATION, et al.<br><br>Debtor.<br>_____<br><br>FRANK TETA on behalf of himself and all others similarly situated,<br><br>Plaintiff.<br>v.<br><br>TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,<br>Defendants. | Case No. 08-42773-BTR<br>(Jointly Administered)<br>Chapter 7<br><br>Adv. Pro. No. 08-04184 (BTR) |

**ORDER DENYING MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND GRANTING PLAINTIFF'S MOTION
FOR CLASS CERTIFICATION AND RELATED RELIEF**

AND NOW, upon consideration of the Motion to Dismiss Plaintiff's First Amended Class Action Adversary Complaint (the "Motion to Dismiss") and Plaintiff's opposition thereto, and Plaintiff's Motion for Class Certification (the "Motion"), the Trustee's opposition thereto, the evidentiary hearing held on July 25, 2013, and for the reasons stated on the record on August 7, 2013, it is hereby ORDERED that:

1.      The Motion to Dismiss Plaintiff's First Amended Complaint is denied;

2.      Plaintiff's Motion for Class Certification and Related Relief is granted;

3.      A class is certified comprising the Plaintiff and the other former employees of Defendants, (i) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of that date, or in anticipation of or as the foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or

about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C.

§ 2101(a)(5), and (ii) who have not filed a timely request to opt-out of the class;

4.      The Class described above meets the requirements of Fed. R. Civ. P. 23 (b)(3) and

Fed. R. Bankr.P. 7023 (b)(3); and

5.      Outten & Golden, LLP is hereby appointed Class Counsel; and

6.      Plaintiff Frank Teta is hereby appointed Class Representative; and

7.      The proposed form of Notice to the Class submitted to the Court is approved; and

8.      Within ten (10) days after the entry of this Order, the Trustee shall provide Class

Counsel with the names and addresses of the class members as noted in Defendants' records; and

9.      On or before ten (10) days after receipt from the Trustee of the names and

addresses of the Class members, Class Counsel shall provide notice of the pendency of the class

action lawsuit by mailing the Notice, First Class postage prepaid, to each employee of

Defendants who falls within the definition of the class, to their last known address as noted in the

records of the Defendants; and

10.     After such mailing, Class Counsel shall serve and file a sworn statement affirming

compliance with this Order concerning the mailing of the Notice; and

11.     Class Counsel shall serve and file a sworn statement listing the names of any

persons who have opted out of the Class; and

12.     Notice in compliance with this order is hereby found to be the best notice

practicable under the circumstances and constitutes due and sufficient notice to all class

members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

Signed on 8/23/2013

*Brenda T. Rhoades*   SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

2

**APP. 064**

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

In re:

TWL CORPORATION, et al.

           Debtor.

_____

FRANK TETA on behalf of himself and all others similarly situated,

           Plaintiff.

v.

TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,

           Defendants.

Case No. 08-42773-BTR
(Jointly Administered)
Chapter 7

Adv. Pro. No. 08-04184 (BTR)

## NOTICE OF CLASS ACTION

TO:    Former employees of TWL Corporation and TWL Knowledge Group, Inc. ("Defendants") who were terminated from their employment at Defendants' facilities on or about September 9, 2008 as part of the cessation of operations at Defendants' facilities.

SUBJECT: The right to participate in a lawsuit to recover 60 days' wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as well as 401(k) contributions and ERISA benefits other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et seq*.

DATE: _____, 2013

### The Nature of the Action

Frank Teta (the "Plaintiff"), a former employee of Defendants, filed a lawsuit under the WARN Act in the United States Bankruptcy Court for the Eastern District of Texas, against Defendants for the recovery of 60 days' wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as

**APP. 065**

well as 401(k) contributions and ERISA benefits other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.  The name and case number of the lawsuit is *Frank Teta, on behalf of himself and all others similarly situated, Plaintiff vs. TWL Corporation, f/k/a Trinity Learning Corporation and TWL Knowledge Group, Inc., f/k/a/ Trinity Workplace Learning Corporation*, *Defendants*, U.S. Bankr. Ct. E.D.TX, Adversary Proceeding No. 08-04184 (BTR) (the "Action").

The Plaintiff claims that under the federal plant closing/mass layoff  law ("WARN Act"), he and the other similarly situated employees were terminated on or about September 9, 2008, from Defendants' establishments and/or facilities as those terms are defined by the WARN Act (the "Facilities"). The Plaintiff claims that Defendants were subject to the WARN Act, that Defendants carried out plant closings, mass layoffs or termination of operations at its Facility, and that the members of the class were entitled to receive from Defendants 60 days' advance written notice of their terminations, and, having not received such notice, are entitled to an administrative priority claim, or in the alternative, a wage priority claim 60 days' wages and benefits under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* ("ERISA"), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.

### The Issues and Defenses

The Trustee sought to dismiss the Plaintiff's Complaint.  That request was recently denied. The Trustee has stated on the record that she does not deny WARN liability.

### The Definition of the Class

The Court has recently certified this case as a class action. The class is defined as those persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of or as the reasonably foreseeable consequence of the mass layoff, plant closing or termination of operations ordered on or about September 9, 2008 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

### Class Counsel and Class Representative

The Plaintiff is represented by Jack A. Raisner and René S. Roupinian of Outten & Golden, LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, (212) 245-1000.

The Court has also recently appointed Plaintiff as Class Representative.

## What to Do

If you WISH to be a member of the class, YOU DO NOT NEED TO DO ANYTHING AND YOU WILL RECEIVE WHATEVER BENEFITS YOU, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.

If you DO NOT WISH to participate in this Action, and wish to be EXCLUDED and, thereby, reserve your rights under the WARN Act and NOT SHARE IN ANY RECOVERY in the Action, CHECK THE BOX IN THE FORM BELOW, AND SIGN AND MAIL that form by certified mail, return receipt requested, to Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, Attn: René S. Roupinian. The form must be received by Ms. Roupinian by no later than _____, 2013. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

The Court has taken no position regarding the merits of Plaintiff's claims. Please do not call or contact the Court for information.

If you wish information or assistance, please contact Jenny Hoxha of Outten & Golden, LLP at (212) 245-1000.

■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■

### TETA, ET AL. v. TWL CORPORATION, ET AL. OPT-OUT FORM

**If you DO NOT WISH to be part of this Action**

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

☐    I do **not** want to be part of the above Class Action. I do **not** wish to be bound by its outcome. I do **not** wish to receive any money or benefits from this Class Action.

_____    _____
Signature                                      Address

_____    _____
Name (print or type)                   Telephone/Email Address

_____
Date

**APP. 067**