SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Maegan Quejada (24105999)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    (214) 981-3300
Facsimile:    (214) 981-3400
Email:        tom.califano@sidley.com
              rpatel@sidley.com
              mquejada@sidley.com

SIDLEY AUSTIN LLP
William E. Curtin (admitted *pro hac vice*)
Jon W. Muenz (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:    (212) 839-5300
Facsimile:    (212) 839-5599
Email:        wcurtin@sidley.com
              jmuenz@sidley.com
              pventer@sidley.com
              anne.wallice@sidley.com

*Attorneys for the Defendant Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>**PROSPECT MEDICAL HOLDINGS, INC.,** *et al.* [1]<br><br>      **Debtors.** | Chapter 11<br><br>Case No. 25-80002 (SGJ)<br>Jointly Administered |
| **AMANDA CANNAVO, on behalf of herself and all others similarly situated,**<br><br>     Plaintiff,<br><br>v.<br><br>**PROSPECT MEDICAL HOLDINGS, INC.,** *et al.,*<br><br>     Defendants. | Adv. Proc. No. 25-08001 (SGJ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect.

Prospect Medical Holdings, Inc., et al., ("Defendants")[2] by and through their undersigned counsel, Sidley Austin LLP, submit their Answer and Affirmative Defenses (the "Answer") in response to the *Class Action Adversary Proceeding Complaint for Violation of WARN Act 29 U.S.C. § 2101, et seq.*, dated May 2, 2025 (the "Complaint"), filed by the above-referenced plaintiff (the "Plaintiff"), titled *Amanda Cannavo, on behalf of herself and all others similarly situated v. Prospect Medical Holdings, Inc., et al.,* bearing Adversary Proceeding Number 25-08001, and avers as follows:

## I.    NATURE OF THE ACTION

1.    Defendants admit that Plaintiff seeks to bring this action as a class action pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act").  Defendants otherwise deny the allegations set forth in Paragraph 1 of the Complaint.

2.    Defendants admit that Plaintiff was terminated along with other employees and that Plaintiff seeks statutory remedies pursuant to the WARN Act.  The remainder of the allegations set forth in Paragraph 2 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, denied.

3.     Paragraph 3 of the Complaint states legal conclusions for which no response is required.

## II.    JURISDICTION AND VENUE

4.    Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5.    Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.    Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

---

[2]    A description of the Debtors and their non-Debtor affiliates is described in the Declaration of Paul Rundell in Support of Debtors' Chapter 11 Petitions and First Day Pleadings (Bankr. No. 25-80002 (SDJ), (Bankruptcy Docket No. 41).

### III.    THE PARTIES

*Plaintiff*

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10.      Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11.      Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.      Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

*Defendants*

13.      Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.      Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

15.      Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16.      Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17.      Defendants admit the allegations set forth in Paragraph 17 of the Complaint.

18.      Defendants admit the allegations set forth in Paragraph 18 of the Complaint.

19.      Defendants admit the allegations set forth in Paragraph 19 of the Complaint.

20.      Defendants admit PMHI owned at least 20% of all the Debtor-Defendants and operated them as a single employer.  Defendant denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21.      Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22.      Paragraph 22 of the Complaint appears to state a typographical error, in that it alleges that "In February 2024, Prospect received approval from court and Pennsylvania's attorney general and sell Crozer."  As written, Paragraph 22 is denied.  To the extent Paragraph 22 should

3

have read, "In February 2024, Prospect received approval from the court and Pennsylvania's attorney general to sell Crozer," Defendants admit the allegations.

23.    Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24.    Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25.    Paragraph 25 of the Complaint refers to a written document that speaks for itself, but Defendants admit that they filed a motion on March 5, 2025.

26.    Defendants admit that they did not issue WARN notices until April 21, 2025, but otherwise deny the allegations in Paragraph 26 of the Complaint.

27.    Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

28.    Paragraph 28 of the Complaint purports to quote a written document, and Defendants respectfully direct the Court to that document for its true and correct contents and denies any allegations inconsistent therewith.

## IV.    FEDERAL WARN CLASS ALLEGATIONS

29.    Defendants admit that Plaintiff seeks to bring this action as a class action pursuant to 29 U.S.C. § 2101, *et seq.*, 29 U.S.C. §2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), but Defendants deny that Plaintiff or any of the class members whom she purports to represent has a claim under the WARN Act.  Defendants deny violating the WARN Act.

30.    The allegations in Paragraph 30 of the Complaint state legal conclusions to which no response is required.  To the extent a response may be required, Defendants admit that they have records, which have been provided to Plaintiffs, concerning potential class members.

31.    While no "WARN class" has yet been certified, Defendants admit that they have information in their books and record relating to potential class members.

32.    While no "WARN class" has yet been certified, Defendants admit that they have information in their books and record relating to potential class members.

33.    The allegations set forth in Paragraph 33 of the Complaint and the subparts thereto state conclusions of law to which no response is required.

34.    The allegations set forth in Paragraph 34 of the Complaint state conclusions of law to which no response is required.

35.    The allegations set forth in Paragraph 35 of the Complaint state conclusions of law to which no response is required.

36.    The allegations set forth in Paragraph 36 of the Complaint state conclusions of law to which no response is required.

37.    The allegations set forth in Paragraph 37 of the Complaint state conclusions of law to which no response is required.

38.    The allegations set forth in Paragraph 38 of the Complaint state conclusions of law to which no response is required.

39.    Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint.

## V.    CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

40.    Defendants incorporate the answers to the proceeding paragraphs as if fully set forth herein.

41.    Defendants admit the allegations set forth in Paragraph 41 of the Complaint.

42.    The allegations set forth in Paragraph 42 of the Complaint state legal conclusions to which no response is required.

43.     The allegations set forth in Paragraph 43 of the Complaint state legal conclusions to which no response is required.

44.     The allegations set forth in Paragraph 44 of the Complaint state legal conclusions to which no response is required, but Defendants admit that they issued WARN notices on April 21, 2025.

45.     The allegations set forth in Paragraph 45 of the Complaint state legal conclusions to which no response is required.

46.     Defendants admit that employees subject to WARN notices were terminated as a result of the hospitals' closing and not for "cause."

47.     The allegations set forth in Paragraph 47 of the Complaint state legal conclusions to which no response is required.

48.     The allegations set forth in Paragraph 48 of the Complaint state legal conclusions to which no response is required, but Defendants deny that they were required to provide 60 days advance notice under the circumstances of this case.

49.     The allegations set forth in Paragraph 49 of the Complaint state legal conclusions to which no response is required, but Defendants deny that they failed to comply with the WARN Act.

50.     The allegations set forth in Paragraph 50 of the Complaint state legal conclusions to which no response is required.

51.     The allegations set forth in Paragraph 51 of the Complaint state legal conclusions to which no response is required, but Defendants deny that they failed to pay amounts owed pursuant to the WARN Act.

## VI.    PRAYER FOR RELIEF

52.    Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 52 of the Complaint and the subparts thereto, or to any relief at all.

## VII.    AFFIRMATIVE DEFENSES

1.    Defendants have at all times acted in good faith and had reasonable grounds for believing that any alleged acts and omissions were not violations of the WARN Act with respect to Plaintiff and the putative class she seeks to represent.

2.    Any failure to comply with the 60-day notice requirement pursuant to the WARN Act by Defendants is subject to the unforeseeable business circumstances exception pursuant to 20 C.F.R. § 639.9(b).


Dated: January 7, 2026

Respectfully submitted,

/s/ *Jon W. Muenz*

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Maegan Quejada (24105999)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email:  tom.califano@sidley.com
        rpatel@sidley.com
        mquejada@sidley.com

*and*

William E. Curtin (admitted *pro hac vice*)
Jon W. Muenz (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue

7

New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: wcurtin@sidley.com
jmuenz@sidley.com
pventer@sidley.com
anne.wallice@sidley.
com

*Attorneys for Prospect Medical Holdings, Inc.*

**<u>Certificate of Service</u>**

I certify that on January 7, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Jon W. Muenz*
Jon W. Muenz