

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 12, 2026**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*,[1] | Case No. 25-80002 (SGJ) |
| Debtors. | (Jointly Administered) Rel. to Docket No. 1 |
| AMANDA CANNAVO, on behalf of herself and all others similarly situated, Plaintiff, v. PROSPECT MEDICAL HOLDINGS, INC., *et al.*, Defendants. | Adv. Pro. No. 25-08001-sgj |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect. The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

**JOINT STIPULATION AND AGREED ORDER BETWEEN
THE DEFENDANT DEBTORS AND PLAINTIFF AMANDA CANNAVO
CERTIFYING A WARN CLASS**

This stipulation and agreed order (this "Stipulation and Agreed Order") is made by and among Prospect Medical Holdings, Inc., Prospect CCMC, LLC and Prospect Crozer, LLC, as defendants in the above captioned adversary proceeding (collectively, the "Defendant Debtors") and plaintiff Amanda Cannavo (the "Plaintiff", and collectively with the Defendant Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**WHEREAS**, on January 11, 2025, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court");

**WHEREAS**, on May 2, 2025, Plaintiff filed the *Class Action Adversary Proceeding Complaint for Violation of Warn Act 29 U.S.C. § 2101, et seq.* [Docket No. 1] (the "Complaint");

**WHEREAS**, on October 30, 2025, the Plaintiff filed the *Plaintiff's Motion for Class Certification and Related Relief* [Docket No. 39] (the "Motion for Class Certification");

**WHEREAS**, on November 24, 2025, the parties submitted a *Notice of Joint Stipulation and Agreed Order Between the Defendant Debtors and Plaintiff Amanda Cannavo Revising the Scheduling Order* [Docket No. 40] informing the Court that Defendant Debtors did not intend to oppose the Motion for Class Certification, and that the parties would negotiate a form of order granting the motion by January 7, 2026;

**WHEREAS**, the Court entered the Agreed Order [Docket No. 41];

**WHEREAS**, the Parties have determined that this Stipulation and Agreed Order Certifying a WARN Class is in their best interests and will best facilitate adjudication of the adversary proceeding consistent with judicial economy and Federal Rule of Civil Procedure 23, made applicable to the adversary proceeding by Federal Rule of Bankruptcy Procedure 7023;

**WHEREAS**, the undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective parties and that the respective parties have full knowledge of, and have consented to, this Stipulation; and

**WHEREAS**, the Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against any of the Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS ORDERED AS FOLLOWS:**

1. Upon consideration of Plaintiff's Motion for Class Certification and Related Relief, and the Court being otherwise advised in the premises, the Court finds that the proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b) and Rule 23(b)(3), as made applicable by Fed. R. Bankr. P. 7023.

2. Plaintiff's Motion is GRANTED.

3. A WARN class (the "Class") is certified, comprised of: Plaintiff and all similarly situated former employees of Defendants who (i) worked at, reported to or received assignments from the following facilities: Crozer-CCMC, Crozer CCMC BHU, Crozer-Corporate Headquarters, Crozer-Springfield Hospital, Crozer-Springfield Hospital Offices, Crozer-Taylor Hospital, Crozer-West 15th Street Offices, Crozer-West 15th Street Offices BHU; (ii) were separated (other than termination for cause) beginning April 24, 2025, and within 30 days from the date of the layoff; and (iii) have not filed a timely request to opt-out of the class;

4. Raisner Roupinian LLP is appointed Class Counsel;

5. Plaintiff Amanda Cannavo is appointed the Class Representative;

6. The proposed form of Notice to the Class submitted to the Court [Docket No. 39-2 at Appendix pp. 016-019] is approved.

7. Within ten (10) business days after the entry of this Order, Defendant Debtors shall provide Class Counsel with the names and addresses of the class members as contained in Defendant Debtors' records.

8. On or before (10) business days after receipt from Defendant Debtors of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First Class postage prepaid, to all class members to their last known address as noted in the records of the Defendant Debtors.

9. After such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice.

10. The deadline for any Class Member to opt-out of the Class shall be 30 days from the date of mailing of the Notice.

11. After the opt-out deadline has expired, Class Counsel shall serve and file a sworn statement listing the names of any person who has opted out of the Class

12. Notice in compliance with this Order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

13. The Court retains jurisdiction with respect to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies with respect to this Stipulation.

**# # # END OF ORDER # # #**

Dated: January 7, 2026
Dallas, Texas

*/s/ Rakhee V. Patel*
SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Maegan Quejada (24105999)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:     (214) 981-3300
Facsimile:     (214) 981-3400
Email:     tom.califano@sidley.com
              rpatel@sidley.com
              mquejada@sidley.com

SIDLEY AUSTIN LLP
William E. Curtin (admitted *pro hac vice*)
Jon W. Muenz (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
Anne G. Wallice (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email:     wcurtin@sidley.com
              jmuenz@sidley.com
              pventer@sidley.com
              anne.wallice@sidley.com

*Attorneys for the Defendant Debtors*

-and-

*/s/ Jack A. Raisner*
RAISNER ROUPINIAN LLP
Jack A. Raisner (*pro hac vice*)
René S. Roupinian (*pro hac vice*)
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Email:     jar@raisnerroupinian.com
Email:     rsr@raisnerroupinian.com

OTTESON SHAPIRO LLP
John C. Leininger
Texas Bar No. 24007544
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
Telephone: (214) 619-8325
Email:     jcl@os.law

*Attorneys for Plaintiff and*
*all others similarly situated*